**In re Caralee Jean PIERCE, a/k/a Caralee J. Pierce, Mrs. Thomas L. Pierce, as officer, director and shareholder of Skies Unlimited, Inc., as 50% shareholder in Flying Machine, Inc., and as 20% joint venturer in Erie Air Park Company, Debtor-in-possession.**

**Caralee Jean PIERCE, a/k/a Caralee J. Pierce, Mrs. Thomas L. Pierce, as officer, director and shareholder of Skies Unlimited, Inc., as 50% shareholder in Flying Machine, Inc., and as 20% joint venturer in Erie Air Park Company, Debtor-in-possession, Plaintiff-Appellee,**

v.

**AIRPORT DEVELOPMENT CORPORATION, d/b/a Tri-County Hangar Company, Defendant-Appellant.**

**Civ. A. No. 84–C–1812.**

United States District Court, D. Colorado.

Nov. 30, 1984.

As Corrected Dec. 6, 1984.

Thomas J. Galvin, Zimmerman & Schwart, Denver, Colo., for plaintiff-appellee.

Scott J. Eldridge, Burg, Aspinwall & Petrucci, Englewood, Colo., Philip A. Harley, Sterling & Miller, Denver, Colo., for defendant-appellant.

## ORDER

CARRIGAN, District Judge.

Appellee Caralee J. Pierce filed chapter 11 bankruptcy on April 6, 1984. On May 16, 1984, Pierce, individually and on behalf of several of her business entities, filed a complaint against appellant Airport Development Corporation (ADC) seeking injunctive relief for alleged breach of a leasing contract. Pierce, *et al.*, asserted that the bankruptcy court had jurisdiction based on 28 U.S.C. §§ 1471 and 1781 (1982) and 11 U.S.C. § 105(a)(1982). ADC counter-

claimed opposing an injunction and seeking damages.

Recognizing his limited jurisdiction under 28 U.S.C. § 157 (1984), the bankruptcy judge considered only the legal issues presented in the complaint. He granted an injunction preventing ADC from collecting rent from its subtenants.

ADC has appealed the bankruptcy court's decision alleging, *inter alia*, that the bankruptcy court lacked jurisdiction over the contract claim. Pierce, *et al.*, have responded. The parties have briefed the issues thoroughly and oral argument would not assist in resolving them. This court's jurisdiction is based on 28 U.S.C. § 158 (1984).

The bankruptcy judge took jurisdiction over the complaint as a "core proceeding" under the recently enacted Bankruptcy Code. The new Code provides,

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—... (E) orders to turn over property of the estate ..." 28 U.S.C. § 157(b) (1984)

The new Code was adopted in response to the United States Supreme Court's decision in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). There, after Northern Pipeline had filed for reorganization in bankruptcy court, it filed suit against Marathon in the same court seeking damages for an alleged breach of contract. A plurality of the Supreme Court held that Congress' broad grant of jurisdiction to the bankruptcy courts was unconstitutional because it allowed Article I courts to hear controversies required by the constitution to be heard by Article III courts.

Justices Rehnquist and O'Connor concurred with the result but would have preferred not to strike down all the bankruptcy court's jurisdiction. Rather, they reasoned that the constitution precluded bankruptcy courts from hearing state law contract claims:

"From the record before us, the lawsuit in which Marathon was named defendant seeks damages for breach of contract, misrepresentation, and other counts which are the stuff of the traditional actions at common law tried by the courts at Westminster in 1789. There is apparently no federal rule of decision provided for any of the issues in the lawsuit; the claims of Northern arise entirely under state law. No method of adjudication is hinted, other than the traditional common-law mode of judge and jury. The lawsuit is before the Bankruptcy Court only because the plaintiff has previously filed a petition for reorganization in that court." *Id.* at 90, 102 S.Ct. at 2881.

Thus, a majority of six held that bankruptcy courts have no jurisdiction over state law contract disputes.

In response to the jurisdictional vacuum in the wake of *Marathon*, Congress enacted 28 U.S.C. § 157 (1984). That statute limits bankruptcy court jurisdiction to certain "core proceedings," many of which are enumerated in the statute.

█ Although the precise meaning of "core proceedings" will doubtless be the subject of much future litigation, it is clear that "core proceedings" do not encompass separate state law contract actions. A different construction of § 157 would require explicit rejection of the *Marathon* mandate.

█ Here, the appellees filed a state law contract claim seeking injunctive relief. No relevant difference exists between the state contract claim seeking damages in *Marathon* and the state contract claim seeking an injunction here. Reading § 157 as a response to *Marathon*, it is clear that the appellees' contract claim was not part of the bankruptcy court's "core proceeding." I therefore conclude that the bankruptcy court did not have jurisdiction over the appellees' contract action.

Accordingly,

IT IS ORDERED that (1) the claims by the appellees Pierce, *et al.*, against the appellant ADC are dismissed and (2) the order issued by the bankruptcy court enjoining the appellant ADC from collecting rents is dissolved.