### In re LOMBARD–WALL INCORPORATED, Lombard-Wall Money Markets Incorporated, Debtor.

### Bankruptcy Nos. 82 B 11556, 82 B 11557 (EJR).

United States Bankruptcy Court, S.D. New York.

Feb. 13, 1985.

David R. Kittay, Esq., Cadwalader, Wickersham & Taft, Attys., New York City, for debtor.

Michael S. Gindick, New York City, for claimant Securities Settlement Corp.

## DECISION ON CLAIM FOR DAMAGES AND ATTORNEYS FEES

EDWARD J. RYAN, Bankruptcy Judge.

On August 12, 1982, Lombard-Wall Incorporated (Lombard) filed a petition under Chapter 11 of the Bankruptcy Code, and remained as debtor-in-possession of its property. 11 U.S.C. § 1101 *et seq.* (Supp. III 1979). Securities Settlement Corporation (SSC) is a broker-dealer that acts as the clearing and executing broker for banks and other broker dealers.

On August 6, 1982, Lombard sold a U.S. Government Guaranteed 14.05% Ship Financing Note, Series D, through its broker Bankers Trust Company. The note, in the principal amount of $1–million with a maturity date of May 20, 1983, was issued by the Hartford National Bank and Trust Company (Hartford) under an agreement with Carlisle Dredging Inc.

Bankers Trust delivered the note to SSC on August 6, 1982 and SSC paid Bankers Trust the purchase price of $1,034,661.11. SSC then delivered the note to a subsequent purchaser, MKI Securities Corp. (MKI), which accepted it and made payment to SSC. Thereafter it was delivered to Paine, Webber, Jackson & Curtis, Inc. and then to Chase Manhattan Bank (Chase).

When SSC received the note, it was in registered form, not bearer form. Since the note was registered in Lombard's name, a bond power was necessary to make the note negotiable. After the several transfers of the note, Chase apparently discovered that no bond power was attached to it. Chase therefore returned the note to MKI which in turn returned it to SSC on August 10, 1982 and SSC refunded the purchase price to MKI. However, Bankers Trust Company, clearing agent for Lombard, refused to accept the note.

SSC was then requested by Hartford to obtain a corporate resolution from Lombard authorizing the transfer of the note from Lombard's name to SSC's. However, Hartford still refused to transfer the registration of the note without the approval of

the Bankruptcy Court. SSC again tried to return the bond to Bankers Trust, which refused to receive it.

On September 2, 1982, SSC and Lombard in a joint application, obtained an order from this court approving the transfer of the note. Hartford then registered the note in SSC's name, and on or about September 13, 1982, SSC redelivered the note to MKI and received payment.

On March 15, 1983, SSC filed a proof of claim in the Lombard bankruptcy proceeding. Lombard filed an objection to SSC's claim on June 20, 1983. Pursuant to order of this court dated November 2, 1983 requiring service of pleadings in order to expedite the resolution of contested claims, SSC filed a complaint in this matter dated November 15, 1983.

SSC claimed that Lombard was liable for unjust enrichment due to its use of SSC's money between August 10, 1982, when the note was returned to SSC, through September 13, 1982, when SSC redelivered the note to MKI. The complaint demanded judgment in the amount of $14,370.73, including lost interest of $11,516.41 from August 10 to September 13, 1982, and attorneys fees and expenses of $2,854.32.

SSC alleges in its complaint that under U.C.C. § 8–314(2), delivery of a security is not complete until the purchaser places the security in negotiable form, and that, therefore, until Lombard did so, SSC had the right to reclaim the note. SSC argues that Bankers Trust, in acting as Lombard's broker, was Lombard's agent. As such, when Bankers Trust refused to accept the note reclaimed by SSC, its actions constituted a breach of contract on the part of Lombard. Thus, SSC contends, it is entitled to damages pursuant to U.C.C. § 8–316.

Lombard denies there was a breach of contract and counterclaims for $7,932.50 owed to Lombard from previous transactions with SSC. SSC admits owing the $7,932.50 to Lombard and seeks to set off this amount against its claim.

SSC's reliance on U.C.C. § 8–314(2) is misplaced. By its terms, this section does not apply to sales of securities made through brokers. *See* U.C.C. § 8–314(2) (1977), Comment 3.

U.C.C. § 8–314(1) governs the instant transaction. Under that section, delivery is complete when the selling broker places the security in the possession of the buying broker. U.C.C. § 8–307 provides that even though a transfer is completed when delivered, the transferee does not become a bona fide purchaser unless and until the security is endorsed.

■ An endorsement is a requisite of transfer enforceable under U.C.C. § 8–316. Official comment to U.C.C. § 8–307. Section U.C.C. § 8–316 provides that the transferor of a security, on due demand, must supply his purchaser with any requisite necessary to obtain registration of the transfer. Failure to comply with a demand within a reasonable time gives the purchaser the right to reject or rescind the transfer. The official comments to § 8–316 note the transferor may also sue for damages for breach of contract.

■ Under § 8–316, SSC must show (1) SSC made a demand for some requisite necessary for transfer and (2) Lombard failed to comply with the demand within a reasonable time. When SSC tried to reclaim the note from Bankers Trust, the only demand it had made on Lombard was for a corporate resolution authorizing the transfer. That demand had already been complied with at the time of the attempted reclamation, and SSC does not claim otherwise. Nor does SSC claim there was undue delay. Accordingly, no action lies for breach of contract under § 8–316, and the claim for damages and interest should be denied.

■ SCC also asks for attorneys' fees incurred in obtaining the court order authorizing the transfer from Lombard to SSC. The general rule is that absent a statute or enforceable contract, parties pay their own attorneys' fees. *See, Alyska Pipeline Services Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The court may also award at-

torneys' fees for willful disobedience of a court order or when the losing party has acted in bad faith. *Id.*, 421 U.S. 240, 95 S.Ct. 1612.

 SSC has not directed this court to any statute or contract provision, nor has it alleged bad faith or violation of a court order. Without any supporting authority or argument SSC concludes it is entitled to legal fees because "the legal fees were incurred in obtaining an order from the bankruptcy court." Without more, this court cannot and will not award attorneys' fees.

Accordingly, Lombard's motion to disallow the claim of SSC is granted. SSC is ordered to pay Lombard $7,932.50 owed on the counterclaim.