**In the Matter of Richard T. HORACE, Debtor.**

**Bankruptcy No. 84–04335.**

United States Bankruptcy Court, D. New Jersey.

Aug. 20, 1985.

Richard Mik, Clifton, N.J., for debtor.

Charles Forman, Rodino, Forman & D'Uva, Roseland, N.J., for trustee.

Sallyanne Floria. Floria & Callori, Verona, N.J., for Wingert.

## OPINION AND ORDER

D. JOSEPH DeVITO, Bankruptcy Judge.

This matter, brought on by secured creditor Emily Ann Wingert, seeks modification of the automatic stay to permit the continuance of a state court action determining the rights of the petitioner herein. The object of the action is a residence located at 895 Wyoming Avenue, Maywood, New Jersey, owned by the debtor. The petitioner claims an equitable mortgage on said property and seeks the validation of her claim in the Chancery Division of the Superior Court of New Jersey. Further, provided the state court validates the equitable mortgage, the petitioner desires to institute foreclosure proceedings.

Upon a review of the pertinent facts, it appears that, at a time in 1978, Emily Ann Wingert loaned funds totaling $42,600 at 7 per cent interest to Richard T. Horace and two members of his family, with the understanding Horace would purchase the 895 Wyoming Avenue property as a family residence. Wingert initially requested a mortgage and note evidencing the lien, but, despite repeated demands, she never received such documentation. Horace began to repay the loan in January, 1979, and had repaid a total of $3,200 through June of 1981. No further payments were made thereafter. In March, 1982, Horace transferred his one-third interest in the property to his wife without consideration.

On July 13, 1983, Wingert filed a complaint in the state court seeking enforcement of her alleged equitable mortgage, Docket No. F4981–83, Superior Court of New Jersey, Chancery Division, Bergen/Passaic County. The following events evidence the continual frustration of all attempts to bring this matter to trial. Horace failed to comply with at least three separate discovery requests and, finally, informed Wingert's counsel that all requested documents had been destroyed by reason of a flood. Horace did not appear for the taking of depositions on three different dates. Three trial dates were set and adjourned. The fourth date for trial was set on August 20, 1984. On August 10, Horace's counsel appeared and stated that Horace had filed a petition in bankruptcy the previous day. The presiding state judge, the Honorable Arthur Dwyer, instructed Wingert's counsel to petition the bankruptcy court to allow the action to continue before him. Judge Dwyer expressed his willingness to retain the matter and to set it down for the next available trial date.

In opposition to the motion to vacate the stay, thereby permitting the continuance of the state court action, Horace certified that Wingert does not hold a mortgage encumbering subject property and insists that the dispute remain before the bankruptcy court for resolution.

In matters such as this, the bankruptcy court must look to its jurisdictional grant, recently amended by the Bankruptcy Amendments and Federal Judgeship Act of

1984, Pub.L. 98–353, 98 Stat. 333 (July 10, 1984). New section 1334 of Title 28 provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334[c][2] (West pamphlet 1984). This limitation was enacted by Congress in reaction to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), wherein the Court struck down the pervasive jurisdiction granted bankruptcy judges by the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549 (1978). In *Dakota Grain Systems, Inc. v. Rauser Construction, Inc. (In re Dakota Grain Systems, Inc.)*, 41 B.R. 749 (Bankr.D.N.D. Aug. 14, 1984), presiding Judge William Hill, in considering § 1334[c][2], noted that:

> Abstention is mandatory under the foregoing section where the case is: (1) Based upon a state-law claim or cause of action which although related to a Title 11 case did not arise under Title 11 or out of a Title 11 case and, (2) the case could not have been commenced in federal court absent the fact of a bankruptcy petition and, finally, (3) if the case were commenced in state court it could be timely adjudicated.

Turning now to relevant case law, it appears that courts thus far have been constrained because of the effective date of § 1334[c][2], which limits its application to cases commenced after July 10, 1984, the date of the Reform Act's passage. § 122[a], Pub.L. 98–353, 98 Stat. 333 (July 10, 1984). Notwithstanding the effective date of the new amendments, some courts

have, in the exercise of their discretionary authority, abstained from hearing cases which would have fallen within the purview of § 1334[c][2] absent the July 10, 1984 limitation. *Dakota Grain Systems, Inc. v. Rauser Construction, Inc., supra*, at 751; *Smith-Douglass, Inc. v. Smith, et al. (In re Smith-Douglass, Inc.)*, 43 B.R. 616, 618 (Bankr.W.D.Ark. Oct. 23, 1984); *Atlas Automation, Inc. v. Jensen, Inc. (In re Atlas)*, 42 B.R. 246, 248–49 (Bankr.E.D.Mich. Aug. 31, 1984). In *In re Atlas, supra*, the court, in abstaining, held that the elements of § 1334[c][2] should be examined as a source of guidance in exercising discretion. Presiding Judge Spector stated: "what Congress once allowed to be within the bankruptcy judge's discretion is soon to be mandatory." In *Smith-Douglass, Inc. v. Smith, et al.*, the court noted "Congress has adopted a policy which clearly favors resolution of related state law causes of action in state courts." *Supra* at 618. The foregoing evinces an effort to comply with the spirit of the new § 1334[c][2] even before its effectiveness took hold.

Based on all of the foregoing, the path to be taken by this Court is clear. New § 1334[c][2], as enacted by the 1984 Reform Act in accordance with the Supreme Court's decision in *Marathon*, demands mandatory abstention where a proceeding involves a state law claim which, absent bankruptcy, could not be rightly entertained before a federal court and where said claim can be timely adjudicated in a state court. Certainly, the circumstances here fall within the contemplation of the statute. We consider here a claim founded upon state law which, except for the fact of bankruptcy, is totally without a basis for federal jurisdiction and which is so far advanced that it may, with the express consent of the state court, be timely adjudicated. Moreover, this Court notes that, since the petition in bankruptcy was filed after the effective date of the 1984 Reform Act, its abstention is mandatory. Indeed, this Court cannot in good faith ignore the instances where our brethren have exercised their discretion to abstain in similar

cases, out of respect for the not yet effective § 1334[c][2].

In view of the above findings of fact and conclusions of law, it is this Court's decision to abstain from hearing the state law claim presented by the secured creditor, Emily Ann Wingert. Therefore, it is hereby ORDERED:

1. The motion for modification of the automatic stay be granted; however, only to the extent to permit the Chancery Division, Superior Court of New Jersey to decide the validity of Emily Ann Wingert's claim to an equitable mortgage under New Jersey law, such proceeding to be heard on an expedited basis.

2. That portion of the motion requesting the institution of foreclosure proceedings against the property in question is hereby denied; this Court hereby reserves all its powers as to the final determination of the disposition and distribution of all property related to the instant bankruptcy proceeding.