In re Jack E. COUNTS, Debtor.

Jack E. COUNTS, Plaintiff,

v.

GUARANTY SAVINGS AND LOAN
ASSOCIATION, an Arkansas
Corporation, Defendant.

Bankruptcy No. 85 C 368.

United States Bankruptcy Court,
D. Colorado.

Oct. 28, 1985.

Roger P. Barrick, Zimmerman & Schwartz, P.C., Denver, Colo., for plaintiff.

Harry M. Sterling and Sheila D. Porter, Sterling & Miller, P.C., Denver, Colo., for defendant.

## ORDER ON THIRD AMENDED COMPLAINT

PATRICIA ANN CLARK, Bankruptcy Judge.

Jack E. Counts, the plaintiff and debtor, initiated this adversary proceeding on September 25, 1985 by filing a third amended complaint against the defendant, Guaranty Savings and Loan Association, pursuant to 11 U.S.C. §§ 323(b), 544(a), (b) and, in the alternative, 506(a). The complaint seeks avoidance of the defendant's liens secured by property of the estate, or setoff of damages against amounts owing to the defendant as guaranteed by the debtor. The complaint also requests both temporary and permanent injunctive relief. The defendant responded with a motion to dismiss the complaint or, in the alternative, for abstention.

The facts are as follows. On or about January 30, 1984, the defendant entered into an agreement with Turtle Creek Place, Inc. (TCPI) whereby it agreed to provide funds for a construction project in North Dallas, Texas. As consideration for a loan in the amount of $22 million, TCPI signed a promissory note, payable to the defendant, with a maturity date of March 20, 1985, which note was secured by a deed of trust on certain real property. On the same date, the debtor executed a personal guaranty on the TCPI note as well as a deed of trust creating a lien in favor of the defendant on certain of the debtor's real property as further security. Finally, it should be noted that all of the aforementioned agreements were executed in Texas and contain provisions stating that Texas substantive law is controlling.

Sometime in mid-May, 1985, the debtor filed a petition in the District Court of Dallas County, Texas, seeking various forms of injunctive relief as well as compensatory and punitive damages for fraud and breach of a commitment to lend. Approximately two weeks later the debtor filed a petition seeking protection under Chapter 11 of the Bankruptcy Code. Then on July 8, 1985, the debtor applied to this Court for a temporary restraining order and a preliminary injunction to enjoin the defendant from seeking relief from stay to foreclose on the deed of trust covering the debtor's real property. The temporary restraining order prohibiting the defendant from seeking relief from stay was granted on July 12, 1985. At the hearing on July 16, 1985 this Court dissolved the temporary restraining order and denied the motion for a preliminary injunction. In the meantime the defendant filed a motion in this Court to dismiss the debtor's complaint against it for injunctive relief and damages, or in the alternative, the defendant requested that this Court abstain. The defendant's motion was taken under advisement.

On September 12, 1985, this Court, in its Findings, Conclusions and Order on Complaint, dismissed the plaintiff's complaint for failure to state a claim upon which relief can be granted. The Court, for reasons stated therein, found that 11 U.S.C. § 544(b) was not the appropriate vehicle for the plaintiff to assert his claim. The complaint was dismissed without prejudice to the plaintiff to file an amended complaint on or before September 20, 1985. The plaintiff failed to file an amended complaint or ask for an extension of time before the due date passed. Nevertheless, when the plaintiff filed a motion for extension of time to file his amended complaint on September 23, 1985, it was granted. The matter before the Court this time is the defendant's request that this Court dismiss or abstain from hearing the plaintiff's latest amended complaint filed September 25, 1985.

In its third amended complaint, the debtor seeks to avoid various secured liens held by the defendant in property of the estate or set off various claims against the value of such liens. To do so, the debtor invokes Sections 544(a), (b) and, in the alternative 506(a). This Court incorporates its previous ruling of September 12, 1985 in holding that the allegations in the complaint do not support a cause of action under § 544(b). A review of Sections 544(a) and 506(a) is necessary in order to determine whether the complaint lays a proper foundation for causes of action under these two sections. This will be followed by an analysis regarding whether this Court has core jurisdiction to hear the causes of action and, whether abstention is appropriate in this matter.

To begin with, 11 U.S.C. § 544(a) is not applicable to the facts and allegations raised in the complaint. Section 544(a) empowers the trustee (or debtor-in-possession) to invalidate any transfer that under non-bankruptcy law is voidable by a creditor who extended credit and obtained a lien on the date of the petition filing, or is voidable by a bona fide purchaser of real property. It states as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a).

Simply stated, Section 544(a) gives the trustee the status and powers of a judicial lien creditor, a creditor holding an execution returned unsatisfied, and a bona fide purchaser of real property. 4 *Collier on Bankruptcy*, ¶ 544.02 (15th ed. 1985). Here, even if the debtor is raised to the position of the aforementioned hypothetical creditor, it does not affect the issue at hand. The complaint does not contain allegations that Texas public notice requirements have not been timely satisfied, rather the complaint sets forth causes of action for breach of contract, fraud, violation of Texas usury law as well as a prayer for injunctive relief. Indeed, there is no nexus between Section 544(a) and the substance

of the complaint. As a result, Section 544(a) is not the appropriate vehicle for the debtor to assert his claim and the debtor cannot prevail on a cause of action brought pursuant to this section.

The debtor, in the alternative, brings his complaint pursuant to 11 U.S.C. § 506(a). Once again, a cause of action under this section is neither directly nor indirectly supported by the allegations contained in the complaint. Section 506(a) provides as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).

To begin with, Section 506(a) separates an under-secured creditor's claim into secured claims and unsecured claims. Nowhere in Section 506(a) is the trustee (or debtor-in-possession) empowered to avoid secured liens as requested in the complaint. The subsection also provides for the valuation of claims which involve setoffs under 11 U.S.C. § 553, although the actual remedy requested by the debtor is not what is contemplated within Section 553. A setoff arises from a transaction *extrinsic* to that out of which the primary claim arose, it rests upon a claim or demand based upon independent cause of action. *In re Monongahela Rye Liquors, Inc.*, 141 F.2d 864 (3rd Cir.1944); *In re Hailey*, 17 B.R. 167 (Bankr.S.D.Fla.1982). In contrast, the present complaint attempts to obtain affirmative relief so that the defendant's security interest is reduced by the amount of damages sustained as a result of the defendant's alleged fraud in inducing the debtor to enter into the security agreement. Clearly this is not a setoff claim contemplated by Section 553 because the alleged fraud is not extrinsic to the transaction, in fact it actually goes to the essence of the security agreement. Thus, even though Section 506(a) incorporates setoff under Section 553, a cause of action under this subsection is not supported by the allegations raised in the complaint.

It is apparent that the debtor is attempting to bootstrap core jurisdiction into this proceeding by making reference to the aforementioned bankruptcy provisions in his complaint. Nevertheless, it is clear that the facts and allegations contained in the complaint do not support causes of action under Sections 544(a), (b) and 506(a). Instead the complaint can be distilled down into causes of action for breach of contract, fraud, usury and a motion for permanent injunctive relief. Even so, the debtor maintains that these causes of action constitute core proceedings pursuant to 28 U.S.C. §§ 157(b)(1), (2)(A), (F), (G), (K) and (O). On the other hand, the defendant takes the position that the debtor's complaint does not constitute a core proceeding and that this Court should abstain from ruling on the merits therein.

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (hereinafter called amendments) require the bankruptcy judge to determine whether a proceeding is a core proceeding or a related proceeding. 28 U.S.C. § 157(b)(3). If a matter is determined to be a core proceeding, the bankruptcy court may hear it and render a final determination, subject to appeal. 28 U.S.C. § 157(b)(1). Otherwise, the bankruptcy court may hear a related proceeding and submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1).

There is currently much uncertainty surrounding what constitutes a core proceeding as opposed to a related proceeding.

The amendments, specifically 28 U.S.C. § 157(b)(2), provide a nonexclusive list of those matters which can be characterized as core proceedings. Unfortunately, the term "core proceeding" is not explicitly defined anywhere in the amendments. Thus there are probably two general interpretations regarding the parameters of core jurisdiction as formulated by the 15 types of matters set forth in 28 U.S.C. § 157(b)(2). The "expansive" analysis can be characterized by its view that since Congress has redrawn the bankruptcy courts as adjunct courts subject to considerable control by Article III courts, the definition of core proceedings should be construed to broadly encompass all the types of proceedings which come within the literal meaning of Section 157(b)(2). This viewpoint is based on the premise that the amendments rectify the constitutional infirmities enunciated in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (hereinafter called *Marathon* ). *In re Lion Capital Group*, 46 B.R. 850 (Bankr.S.D.N.Y. 1985). *See also In re Lombard-Wall, Inc.*, 46 B.R. 365 (S.D.N.Y.1985); *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727 (D.Ga.1985); *In re Marketing Resources Intern Corp.*, 43 B.R. 71 (Bankr.E.D.Pa. 1984).

In contrast, the "restrictive" analysis holds that the term "core proceeding" must be interpreted narrowly in light of the constitutional mandate of *Marathon*. These courts take the view that the amendments do not cure the constitutional defects detailed in *Marathon*, rather the amendments adjust the bankruptcy court's jurisdiction so that it comports with guidelines established by the Supreme Court. Thus the list of 15 types of core proceedings must be construed narrowly in order to fit within the constitutional purview of *Marathon*. The restrictive analysis is the precedent in Colorado and is illustrated by the case, *In re Pierce*, 44 B.R. 601 (D.Colo.1984) and its progeny; *In re Bokum Resources Corp.*, 49 B.R. 854 (Bankr.D.N.M.1985); *In re Illinois-California Express, Inc.*, 50 B.R. 232 (Bankr.D.Colo.1985). Other cases which

have utilized the narrow definition of "core proceeding" include: *Mohawk Industries v. Robinson Industries*, 46 B.R. 464 (D.Mass.1985); *In re Atlas Automotion, Inc.*, 42 B.R. 246 (Bankr.E.D.Mich.1984); *In re Morse Electric Company, Inc.*, 47 B.R. 234 (Bankr.N.D.Ind.1985).

The matter before this Court has striking parallels to *Marathon*. At issue in *Marathon* were classic state causes of action, breach of contract and warranty, misrepresentations, coercion and duress. The defendant, Marathon Pipe Line Co., did not file a proof of claim, and was, but for the complaint, a stranger to the bankruptcy case. A plurality of the Supreme Court held that Congress' broad grant of jurisdiction to the bankruptcy courts was unconstitutional because it allowed Article I courts to hear controversies required by the Constitution to be heard by Article III courts.

> Indeed, the case before us, which centers upon appellant Northern's claim for damages for breach of contract and misrepresentation, involves a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the bankruptcy court. Accordingly, Congress' authority to control the manner in which that right is adjudicated, through assignment of historically judicial functions to a non-Art. III "adjunct" plainly must be deemed at a *minimum*.

*Marathon*, 458 U.S. at 84, 102 S.Ct. at 2878 (emphasis added) (footnote deleted).

■ The present matter, with the exception of the motion for a permanent injunction, involves rights created by state law. The lawsuit seeks damages for breach of contract, fraud, and usury, all of which are the stuff of the traditional actions at common law and rise entirely under state law. The defendant has not filed a proof of claim and although the defendant holds liens against property of the estate, the lawsuit is before the bankruptcy court only because the plaintiff has previously filed a petition for reorganization. Hence, no relevant difference exists between the state claims seeking damages in *Marathon* and

the state claims here. Therefore, this Court finds that the Counts I, II, III and IV, for breaches of contract, fraud, and usury, are related proceedings, and as related proceedings, this Court is without jurisdiction to finally determine them. The question of whether this Court should hear this matter and make proposed findings of fact and conclusions of law or abstain from hearing the matter is discussed below.

■ The remaining count seeks to permanently enjoin the defendant from moving for relief from stay without a prior adversary hearing on the debtor's complaint. Here the debtor's claim is not based upon state law, rather the authority is found at 11 U.S.C. § 105(a) which provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This request for injunctive relief is distinguishable from that in *Pierce* since, in the latter case, the plaintiff sought a mandatory injunction based on an alleged breach of a lease. Thus the court in *Pierce* had to make a determination on the state based breach of lease claim as a prerequisite to ruling on the equitable relief. Since the request for injunctive relief was inextricably intertwined with the breach of lease cause of action, the district court ruled that both matters were non-core. Here however, the prayer for injunctive relief seeks to maintain the status quo until the debtor's complaint can be litigated on the merits in a full evidentiary hearing. Thus, in contrast to *Pierce*, the Court can make a determination of whether a permanent injunction is appropriate here without ruling on the merits of the state based claims. As a result, this Court finds that the debtor's request for a permanent injunction enjoining the defendant from seeking relief from stay is a core proceeding.

■ It should be noted that this request for equitable relief may be premature until the defendant moves for relief from stay. Moreover, a hearing on a request for a permanent injunction is not the debtor's only remedy. Even if the defendant does move for relief from stay, the debtor op-posing such relief is not precluded from presenting evidence on the existence of claims against the creditor. While the Court may not make a final determination on the merits of such collateral claims because of the expedited and summary nature of the Section 362(d) hearing, it may consider such claims in determining whether to modify or terminate the stay. *Notes of Committee on the Judiciary*, S.Rep. 95–989. Even if the stay were terminated under Section 362(d) the request for injunctive relief may not be ripe until the defendant actually initiates foreclosure proceedings. At that point it may be appropriate for a state court to stay the foreclosure action pending a full evidentiary hearing on the debtor's claims for avoidance of the defendant's liens or setoff of damages against amounts owing to the defendant.

The final issue that this Court will address is whether abstention is appropriate for Counts I, II, III and IV, the state-based claims. The defendant acknowledges that mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2) is not applicable, nevertheless, it argues that the Court should exercise its discretionary power to abstain under 28 U.S.C. § 1334(c)(1). Discretionary abstention is provided for as follows:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with the state courts or respect for state law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

28 U.S.C. § 1334(c)(1).

Furthermore, the bankruptcy courts are derivatively vested with the power to abstain as units of the district court under 28 U.S.C. § 151. *In re Lorren*, 45 B.R. 584, 589 (Bankr.N.D.Ala.1984). *See also Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727 (Bankr.M.D.Ga.1985).

■ Congress, with the addition of the mandatory abstention provision, has adopted a policy which favors resolution of related state law causes of actions in state courts. *In re Smith-Douglas, Inc.*, 43 B.R. 616 (Bankr.E.D.N.C.1984). An examination

of the elements of the mandatory abstention statute is appropriate for guidance in the proper exercise of discretionary abstention. *In re Atlas Automotion, Inc.*, 42 B.R. 246 (Bankr.E.D.Mich.1984). The elements of mandatory abstention require that: (1) a timely motion be made; (2) a related proceeding is involved; (3) the action would not have been commenced in a federal court absent jurisdiction under Section 1334, and (4) an action is commenced and can be timely adjudicated in a state court forum.

In the present matter, all the elements of mandatory abstention are met except that there is diversity among the parties, thus the matter has an independent basis for federal subject matter jurisdiction. Yet it should be noted that, but for the debtor's filing a bankruptcy petition, the matter would not be in the bankruptcy forum now. In fact, the debtor's initial choice was the district court in Dallas County, Texas, where he brought a complaint fundamentally identical to the one here.

> The pendency of a state court action may constitute grounds for invoking the doctrine of abstention in order to foster the interests of judicial administration: comprehensive disposition of the litigation; conservation of judicial resources; and fairness to the parties. 1A J. Moore, *Moore's Federal Practice* § 0.203[4] (2d ed. 1984).

*In re Ghen*, 45 B.R. 780, 781 (Bankr.E.D. Pa.1985). Clearly sound policy mandates conservation of judicial resources. Here there is the potential for needless duplication since the case is already pending in the Texas court. Additionally, since the plaintiff's claims are related proceedings and the bankruptcy court would be limited to making proposed findings of fact and conclusions of law, the district court, in conducting its *de novo* review, will have to reproduce much of whatever this Court has already done. The *de novo* review by the district court of a matter commenced in state court and tried in the bankruptcy court raises the specter of wasteful repetition and gross inefficiency. Therefore, it would appear that proceeding in the state forum would be a more prudent use of judicial resources than a bankruptcy proceeding limited to proposed findings and conclusions of law.

Finally, voluntary abstention is consistent with the interests of comity with the state courts and respect for state law. 11 U.S.C. § 1334(c)(1). The counts for breach of contract, fraud, and usury raise legal issues entirely of Texas law. The parties agreed in the pertinent contracts that Texas law governs their construction. Since respect for state law favors state courts interpreting the laws of the forum, this Court exercises its discretionary abstention power for Counts I, II, III and IV.

For the foregoing reasons, it is ORDERED that this Court abstains from hearing as related proceedings Counts I, II, III and IV.

FURTHER ORDERED that this Court will hear the debtor's motion to determine if it is entitled to permanently enjoin the defendant from seeking relief from the stay under Section 362 at 11:00 a.m. on Monday, May 5, 1986.