In the Matter of ESTEVES EXCAVATION, INC. and Esteves Construction Co., Inc., New Jersey corporations, Debtors.

Bankruptcy No. 82–08539.

United States Bankruptcy Court, D. New Jersey.

Dec. 2, 1985.

---

Sills, Beck, Cummis, Zuckerman, Radin & Tischman by Edward David, for Intern. Fidelity Ins. Co.

Edward J. Buzak, for Sussex County Mun. Utilities Authority.

D. JOSEPH DeVITO, Bankruptcy Judge.

International Fidelity Insurance Company (International), surety of the above debtor, seeks the release of some $20,-064.00, plus retainages and interest, from the Sussex County Municipal Utilities Authority (the Authority), present holder of the noted funds. For the reasons set forth below, the Court denies the motion.

The factual history of this matter commences in October of 1981 when the debtor was awarded a contract by the Authority to construct a sewer line. International, acting as surety, issued a performance and payment bond on the debtor's behalf to the Authority. The debtor defaulted on the contract in December of 1982. At about the same time, the debtor filed its petition for reorganization under Chapter 11 of the Bankruptcy Code.

Pursuant to its obligation as the debtor's surety, International set out to complete the contract. The contract was eventually completed, at a cost to International in excess of a quarter of a million dollars.

Some time in 1983, the debtor sought an order directing the Authority to turn over approximately $63,000, allegedly earned by the debtor under the contract prior to the bankruptcy. This Court heard the matter and issued a written opinion, *In re Esteves Excavation, Inc.*, 56 B.R. 800 (Bankr. D.N.J.1983), in which it found that, under New Jersey law, a constructive trust for the benefit of subcontractors and materialmen could be impressed upon monies not yet paid to a contractor. *Id.* at 801. By reason of this imposition of a trust upon the funds at issue here, the Court ruled that the debtor had no legal or equitable interest in any portion of the $63,000, which sum was subject to the trust. *Id.* at 802. The motion for turnover was thereby denied and further hearings ordered to determine what portion of the funds, if any, were available to the debtor. *Id.* at 802.

The called-for hearing was held on September 14, 1983, and an order embodying the findings made that day was entered on October 11, 1983. *In re Esteves Excavation, Inc., supra* (Oct. 11, 1983). The order provided that funds allegedly due the debtor from the Authority were subject to the constructive trust and were "to be applied for the benefit of laborers, suppliers and materialmen." The order further provided that the debtor was "not entitled to *any part* of said funds" (emphasis added). Lastly, the Court decreed itself without further jurisdiction over the funds held by the Authority. *Id.* at 2.

We presumed that entry of the October 11th order ended the matter; however, such was not the case, for on September 11, 1984, some eleven months after the entry of the noted order, the motion now considered was filed. Notice of Motion, *In re Esteves Excavation, Inc., supra* (Sept. 11, 1984).

The gist of International's motion for turnover relates to its claim for $20,064, plus retainages and interest, said amount a component part of the $63,000 fund disposed of by the Court's August 15th opinion and October 11th order.

International contends that it has a right to the sum claimed by way of subrogation to the rights of the debtor. International alleges that, as the surety of the debtor, local law vests International with rights to the monies in question. In its opposition, the Authority relies in the main upon the Court's prior opinion and order discussed previously, which order denied the debtor's claim to any part of the funds.

■■■ In reaching a decision upon the merits of this matter, this Court is guided by the Supreme Court's pronouncement relating the rights of subrogated sureties:

> For it is elementary that one cannot acquire by subrogation what another whose rights he claims did not have.... One who rests on subrogation stands in the place of one whose claim he has paid, as if the payment giving rise to the subrogation had not been made.

*United States v. Munsey Trust Co.*, 332 U.S. 234, 242, 67 S.Ct. 1599, 1603, 91 L.Ed. 2022 (1947) (deciding a dispute between the United States and the receiver's surety over funds withheld subsequent to a contractor's default). The principle at work here certainly speaks for itself. As the high court said in *Munsey*, it is indeed "elementary" that the surety has no better standing upon subrogation than its principal had beforehand. Applying this to International's motion, the Court has already opined and ordered that the debtor has no claim to any part of the $63,000 originally at issue. Standing in the debtor's place, International is, likewise, without rights to any portion of the sums presently held by the Authority. To grant International's motion would effectively improve their position by virtue of the subrogation. To permit such a result would fly in the face of *Munsey*.

The Court has a further ground upon which International's motion is denied. As noted earlier, the October 11, 1983 order renounced its jurisdiction over the funds at issue. The Court can find no reason to alter its position and affirms its decision in its entirety.

■■■ The Court shall, however, avail itself of this opportunity to expound upon a further reason to decline jurisdiction. It is abundantly clear that the issue herein is one of state law and, were it not for the fact of the bankruptcy, would not come before a federal court. As such, the matter is for the state court to decide and beyond the jurisdiction of the bankruptcy court. *See Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

Indeed, the Court notes that Congress reacted to this aspect of the *Marathon* decision by enacting the new § 1334 of Title 28 as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pub.L. 98–353, 98 Stat. 333 (July 10, 1984) (BAFJA). This provision demands mandatory abstention by bankruptcy courts from deciding matters of state law which come before the federal courts only by reason of a bankruptcy filing. 11 U.S.C. § 1334[c][2]. Yet there is one *caveat* here. The new mandatory abstention of § 1334[c][2] applies only to cases filed after July 10, 1984, the date of BAFJA's passage. § 122[a], Pub.L. 98–353, 98 Stat. 333 (July 10, 1984). Since the debtor filed its petition well before the effective date of the new § 1334[c][2], it is unavailable as a statutory ground for the Court's decision in the instant matter.

However, this Court is entirely free to voluntarily abstain from these proceedings by virtue of § 1334[c][1], the immediately preceding subparagraph of the same statute. Section 1334[c][1] states specifically that, out of respect for state law, there is nothing to prevent this Court from abstaining from hearing a particular matter. 11 U.S.C. § 1334[c][1]. This option to abstain on a voluntary basis is not new, having also been embodied in other provisions enacted by the Bankruptcy Reform Act of 1978.

*See* former 28 U.S.C. § 1471[d], § 241[a], Pub.L. 95–598, 92 Stat. 2668 (Nov. 6, 1978).

Furthermore, the Court looks to the position taken by this Court in *In re Richard T. Horace*, 54 B.R. 671 (Bankr.D.N.J.1985). There, this Court utilized § 1334[c][2] to abstain from deciding a question of state law. As similar facts obtain in the instant matter, the Court, guided by the principles of abstention expounded upon in *Horace, supra,* will abide by its ruling therein. By reason of all of the foregoing, this Court exercises its statutory option and voluntarily abstains from ruling upon the matter.

In conclusion, this Court deems International to be without rights in the funds held by the Authority. Having already decided in 1983 that the debtor had no claims to the monies in question, International cannot, by way of subrogation, now gain rights superior to those formerly held by the debtor. The Court relies upon and affirms its previous opinion and order relating to the above, and further reaffirms its previous finding of lack of jurisdiction over the funds in issue. In doing so, this Court exercises its power to abstain from hearing a question of state law, pursuant to the authorities hereinabove cited.

Submit an order in accordance with the above.