**In the Matter of SLHI, INC., previously known as Salem-Lafayette Housing Inc., Debtor.**

**SLHI, INC., previously known as Salem-Lafayette Housing Inc., Plaintiff,**

**v.**

**RENT LEVELING BOARD OF the CITY OF JERSEY CITY, NEW JERSEY, Defendant.**

**Bankruptcy No. 85–0315.**

United States Bankruptcy Court, D. New Jersey.

Feb. 4, 1986.

5, *supra.*

Ravin, Sarasohn, Cook, Baumgarten & Fisch by Ira M. Levee, West Orange, N.J., for plaintiff/debtor.

Sharon Rivenson Mark, Jersey City, N.J., for defendant.

### OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The above debtor moves for reconsideration and amendment of the prior order of this Court, entered on September 12, 1985. For the reasons set forth below, the motion is denied, thus permitting the September 12, 1985 order to stand. Moreover, this Court hereby abstains from exercising jurisdiction over any further proceedings on this particular issue.

This matter finds its roots in a hearing before this Court on August 27, 1985.[1] The hearing was initiated by an order to show cause brought on by the debtor, wherein it sought a declaratory judgment determining the debtor to be exempt from the jurisdiction of the Jersey City Rent Control Board ("the Board"), and restraining the Board from taking action against the debtor. The Court found and determined that the debtor, by reason of its failure to raise jurisdictional questions or objections in proceedings before the Board, had consented to the Board's jurisdiction under the Jersey City Rent Leveling Ordinances. *SLHI, Inc. v. Rent Leveling Board of The City of Jersey City, N.J.*, No. 85–0315 (Bankr.D.N.J.Sept. 12, 1985).

The dispositive portion of that order stated:

ORDERED:

A. That Debtor-Plaintiff's Order to Show Cause seeking a temporary restraining Order and preliminary and permanent injunction herein is denied.

B. That Debtor-Plaintiff is not exempt from the coverage of the Jersey City Rent Leveling Ordinance, Title XX, Multiple Dwelling Rent Controls.

C. That the Complaint of Debtor-Plaintiff is dismissed with prejudice.

D. That a copy of this Final Order be served upon counsel for Debtor-Plaintiff by regular mail within 5 days hereof.

*Id.*

The debtor seeks reconsideration and amendment of that order. The debtor contends that subject matter jurisdiction may not be waived and may be raised at any time, concluding that its alleged consent to the Board's jurisdiction is invalid. The debtor asserts that this Court is the proper forum, and again requests that this Court make a determination under the applicable Jersey City ordinances as to the Board's power over the debtor. In response, the Board argues, *inter alia*, that its assertion of jurisdictional power over the debtor is properly made pursuant to the interpretation of those same local statutes.

The basic question before the Court is one of jurisdiction. It appears from a thoughtful analysis that the question be treated in two steps. First, who may properly raise, at this time, the issue of jurisdiction? Second, does this Court actually have jurisdiction in this matter?

The answer to the initial query is found in the Federal Rules of Civil Procedure.

Whenever it appears by suggestion of the parties or otherwise that the court

---

1. Honorable William H. Gindin, sitting by temporary designation.

lacks jurisdiction of the subject matter, the court shall dismiss the action.

Fed.R.Civ.Pro. 12[h][3].

The Rule speaks for itself and requires no embellishment. "The rule is that the parties cannot confer on a federal court jurisdiction that has not been vested in the court by the Constitution and Congress. The parties cannot waive lack of jurisdiction, whether by express consent, or by conduct, nor yet even by estoppel." Wright, *Hornbook on Federal Courts*, § 7 at 23 (West 4th ed.1983) (citations omitted). There is, therefore, no question of the debtor's absolute right to raise its objection at this or any time when such objection is grounded upon lack of subject matter jurisdiction.

Having ruled that the debtor's objection is proper, the Court must decide if it does indeed have subject matter jurisdiction over this issue. In its consideration, this Court was acutely aware of two facts. (A)–the briefs and other supporting papers submitted by both parties are overwhelmingly composed of state and local law. It cannot be denied that both sides have posited the jurisdictional issue as a question necessitating the interpretation of the local ordinances of Jersey City. (B)–the Court takes notice of a memorandum submitted by counsel for the United States Department of Housing and Urban Development. In that letter, H.U.D.'s legal counsel states that, in his opinion, H.U.D. has not acted to preempt local rent control ordinances with federal regulations. Memorandum in Opposition at Appendix F–4, *SLHI, Inc. v. Rent Leveling Board, etc., supra* (Oct. 22, 1985).

The conclusion to be drawn from the above is unmistakable. The Board's subject matter jurisdiction over the debtor is a question of local law. All that has been put before the Court expresses it as such. Moreover, the opinion issued by H.U.D.'s Office of the General Counsel, noted above, is clearly indicative of the absence of a federal question in the present case.

The law to be applied in such a situation was postulated by this Court in *In re Hor-*

*ace,* 54 B.R. 671 (Bankr.D.N.J.1985). As in the instant matter, the court was asked in *Horace* to resolve questions of purely state law. *Id.* at 673. The court abstained from hearing the matter, invoking the mandatory abstention provisions of 28 U.S.C. § 1334[c][2]. The court opined:

New § 1334[c][2], as enacted by the 1984 Reform Act in accordance with the Supreme Court's decision in [*Northern Pipeline Construction Co. v. Marathon,* [*Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)], demands mandatory abstention where a proceeding involves a state law claim which, absent bankruptcy, could not be rightly entertained before a federal court.... Certainly, the circumstances here fall within the contemplation of the statute. We consider here a claim founded upon state law which, except for the fact of bankruptcy, is totally without a basis for federal jurisdiction....

*Id.* at 673.

The path before us is clear. This Court already decided in *Horace, supra,* that it will not become embroiled in controversies of state law which, absent bankruptcy, would not even be in this Court. Congress, by enacting the mandatory abstention of § 1334[c][2], has prohibited such action. Therefore, the Court will abstain from deciding any matter which pertains to the scope of the local ordinances of Jersey City and the effect of said local laws on the debtor.

In conclusion, the Court shall not modify the order of September 12, 1985. Such order's effect is consistent with the declaration of abstention made above. Further, the aforementioned abstention shall be effective as to any further proceedings on these or related issues of state and/or local law.

Submit an order in accordance with the above.