**In re 610 TEXAS, LTD., Debtor.**

**Garland O. WEST, et al., Plaintiffs,**

**v.**

**Gene HOWARD, Trustee, et al., Defendants.**

**Bankruptcy No. 584–00999–S.**
**Adv. No. 585–0213.**

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

Feb. 6, 1986.

Gerald L. Burnett, Burnett, Frederickson & Clark, Shreveport, La., for plaintiffs.

Chatham H. Reed, Simon, Fitzgerald, Cooke, Reed & Welch, Shreveport, La., for trustee.

M. Thomas Arceneaux, and H.F. Sockrider, Jr., Sockrider, Bolin & Anglin, Shreveport, La., for C. Richard Gay, defendant.

William E. Byram, Bodenheimer, Jones, Klotz & Simmons, Shreveport, La., for Pioneer Bank & Trust.

## MEMORANDUM DECISION

LEROY SMALLENBERGER, Bankruptcy Judge.

This concursus proceeding was filed by the plaintiffs, who are obligors on four promissory notes. The plaintiffs are limited partners in the Chapter 11 debtor, 610 Texas, Ltd. On December 28, 1982, the plaintiffs purchased a partnership interest in the debtor. At that time the plaintiffs executed the promissory notes in question and allegedly assumed that they were purchasing their partnership interests from the debtor, 610 Texas, Ltd. These investor notes are, however, payable to the order of David Disiere and C. Richard Gay and were pledged to Pioneer Bank & Trust Company as security for a debt between Disiere, Gay, 610 Texas, Ltd., and Pioneer. As pledgee, on June 17, 1985, Pioneer demanded that payments due on the promissory notes be paid to the bank. On July 8, 1985 Pioneer filed suit in State Court against the plaintiffs to seek payment due on the four (4) promissory notes. Subsequently, on July 30, 1985 the plaintiffs filed this concursus and deposited the July 1985 payment into the registry of this Court. The issues raised by the concursus proceeding were whether the plaintiffs purchased their interest from the debtor, 610 Texas, Ltd. and hence the payments are property of the estate under section 541 of the Bankruptcy Code or from the defendants, Disiere and Gay, individually. Thus, the concursus proceeding called upon this Court to determine who is entitled to the funds, i.e., the payee on the promissory notes.

On July 22, 1985, this Court entered a Memorandum Ruling and order staying, under section 362 of the Bankruptcy Code, all actions against the debtor, 610 Texas, Ltd. and its assets. At present, that order remains in effect. This Court did not stay the State Court proceedings against the defendants, Disiere and Gay or against Caddo Land and Development Company. Thus, Pioneer and other parties, have been free to pursue legal remedies in other courts which will ultimately result in a determination of who is the owner of the funds in this court's registry and whether or not the promissory notes in question are property of the debtor-corporation or some other individual or debtor. Thereafter, Pioneer filed an exception to subject matter jurisdiction and the defendant, Gay, filed a Motion to Dismiss the concursus proceeding.

The plaintiffs argue that this Court must retain jurisdiction and determine the issues of ownership because only this Court has the ability and expertise to protect the debtor's potential ownership in the promissory notes. The Court does not find this argument persuasive. Granted, at present the State Court proceedings are somewhat

fragmented, but this Court is confident that a State Court could both have the ability and the integrity to determine the issues of ownership while at the same time protecting the debtor's potential property rights of ownership.

This Court does not believe that our jurisdictional grant is broad enough to include the rationale of the plaintiffs. Section 1334 of Title 28 provides:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection shall not be construed to limit the applicability of the stay provided by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

This statute was Congress' reaction to *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The jurisprudence has adopted a three part test to determine whether abstention is required under section 1334. *Matter of Horace,* 54 B.R. 671 (Bkrtcy.D.N.J.1985). The test is whether the case is 1) based upon a state law claim or cause of action which although related to a Title 11 case does not arise under or out of a Title 11 case and, 2) the case could not have been commenced in a federal forum absent the fact of bankruptcy and, lastly, 3) if the case were commenced in State Court, it could be timely adjudicated. The Court agrees with movers that there is no independent basis for federal jurisdiction; there is neither diversity of citizenship nor a federal question involved. The only unanswered concern of this Court is that the State Court suits may not, given their present state, be timely

adjudicated. Conversely, the plaintiffs have not argued or shown that there would be a unreasonable delay; indeed, since this Chapter 11 debtor filed for relief after the effective date of the 1984 Reform Act, the Court believes that abstention is mandatory concerning the issue of ownership of those promissory notes. See, for example, *Matter of Horace,* supra, (Bankruptcy Court is required to abstain from hearing state law claim by creditor that she had an equitable mortgage on debtor's property), *In re Counts,* 54 B.R. 730 (Bkrtcy.D.Colo. 1985), (Claims for breach of contract, fraud and usury were "related proceedings" and but for debtors filing of bankruptcy would not be in a bankruptcy forum but in debtor's initial choice of Texas State Court).

Accordingly, as dictated by Section 1334 of Title 28 this Court will abstain from hearing the issues involved in this adversary complaint and the Motion to Dismiss is Granted and the complaint will be dismissed without prejudice.

This memorandum decision will constitute Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Bankruptcy Code.