**In re P & P OILFIELD EQUIPMENT, INC., Debtor.**

**John M. GSTALDER, Trustee, Plaintiff,**

v.

**Wyatt SEWARD, d/b/a J & S Pump and Supply, Defendant.**

Adv. No. 87 J 0085.

United States Bankruptcy Court, D. Colorado.

March 20, 1987.

## ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court *sua sponte* after Plaintiff/Trustee, John M. Gstalder (the "Trustee") filed a complaint against Defendant, Wyatt Seward (alternatively "Seward" or "J & S"). The complaint seeks recovery of an account receivable allegedly owed to the Trustee by Seward. No Summons and Notice of Trial has yet been issued because the instant matter is a model case by which to notify the bankruptcy bar in this district that these types of actions will not be recognized by this Court.

## FINDINGS OF FACT

The facts, as alleged in the complaint, are relatively simple. The Debtor, P & P Oilfield Equipment, Inc., provided $16,-050.40 in goods and services to Seward, d/b/a J & S Pump and Supply. The transaction(s) did not occur on a C.O.D. basis so P & P had an account receivable owing from J & S. Although demands were made for the money, J & S never remitted payment; therefore, the essence of this claim is breach of contract and to recover an account receivable. This matter's only nexus to the bankruptcy court is that P & P filed its Chapter 11 petition on April 17, 1985, which was later converted to a Chapter 7 liquidation on May 13, 1986. Other than this, the instant adversary proceeding filed on February 9, 1987, has no connection whatsoever to this Court.

## CONCLUSIONS OF LAW

### I. JURISDICTION

The complaint will be dismissed because it involves a "non-core" matter over which this Court declines to exercise jurisdiction pursuant to 28 U.S.C. § 157 or under General Procedure Order 1984–3. Section 157 must be read in light of the United States Supreme Court opinion in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 785 (1982). The Court notes that the Trustee did not specify which subsection of § 157 applies here, which makes no difference because none of them are applicable to the instant case. This Court reads *Marathon* in a narrow sense especially in light of the legislative action and judicial interpretation found in the wake of that landmark case.

The reasoning behind this approach is supported by a careful analysis of the applicable statutory sections which arguably could confer jurisdiction on the Court. These sections are § 157(b)(2)(A) and (O).

Core proceedings include but are not limited to—

(A) matters concerning administration of the estate; ...

(O) other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor or equi-

ty security holder relationship, except personal injury tort or wrongful death claims.

 It may be accurate to say that the Trustee's claims can be thought of as proceedings "affecting the liquidation of the assets of the estate" (i.e., if the Trustee prevails there are more assets available for distribution to creditors). Similarly, it can be said this adversary proceeding falls within the broad brush of subsection (A) because this matter concerns the "administration of the estate." "However, a close reading of *Marathon*, which involved a breach of contract claim indicates that such an interpretation would be unconstitutional." *Koontz v. E–Vap Ltd.*, Adversary No. 86 C 0019 (Bankr.D.Colo. September 25, 1986). The collection of an account receivable is simply not a core proceeding. *See In re Atlas Automation, Inc.*, 42 B.R. 246 (Bankr.E.D.Mich.1984). Therefore, adjudication of this type of dispute would be unconstitutional because it would result in an Article I court determining rights that are traditionally heard in Article III courts. *See also In re Pierce*, 44 B.R. 601 (D.Colo. 1984). Absent a more compelling reason than the collection of P & P's account receivable from Seward, I can find no basis under either the applicable statutes or case law to exercise jurisdiction in this matter.

## II. ABSTENTION

Certain courts have similarly found that the collection of an accounts receivable is not a "core" proceeding but have nevertheless heard the matter because it is "related" to the underlying bankruptcy case. See *Atlas*, noted, *supra*. The abstention provisions of 28 U.S.C. § 1334 as well as issues of judicial economy must be examined to determine whether abstention is appropriate here.

In pertinent part § 1334 provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise ...

 In the instant matter, as with future disputes of this kind, the Court will abstain from hearing this type of case. Both subsection (c)(1), discretionary abstention, and (c)(2), mandatory abstention, provide a basis for this decision. The elements of (c)(1) are met because collection of a debtor's accounts receivable is a pure State law action. *See Illinois-Calif. Express, Inc. v. Continental Ill. Nat'l Bank*, 50 B.R. 232 (Bankr.D.Colo.1985). At best, this is a "related" proceeding which would not be before this Court absent the P & P bankruptcy filing. Therefore, in the "interest of comity" this Court can abstain. Secondly, and more importantly, abstention is appropriate here "in the interest of justice." This bankruptcy district is experiencing a severe strain on its already scarce judicial resources in the current economic climate. Accordingly, adjudication of state law matters is clearly imprudent and as such abstention is appropriate.

Furthermore, mandatory abstention pursuant to § 1334(c)(2) applies to this matter. While the standards for § 1334(c)(1) and (2) are generally the same, there is one difference in that (c)(2) contains language stating that the court "shall abstain if an action is commenced ... in a State forum ..." This Court, as did Judge Clark in *Illinois-California Express*, considers that element to be a technical nicety but not critical. *See also In re Arnold Printworks*, 61 B.R. 520, 526 (D.Mass.1986) in which Judge Freedman construed § 1334 and held "[t]hat there is not a State court case pending that is relevant, but to the Court's mind, not dispositive."

Put simply, this matter should not be in this Court. It is not a "core" proceeding, it

concerns only questions of State law, and would have never come before me absent P & P's bankruptcy. As such, I abstain from hearing the instant case and hope that this opinion will send an unforgettable message to the bankruptcy bar of the district for future reference. It is, therefore,

ORDERED that the Trustee's complaint is dismissed because this Court abstains from hearing this matter for the reasons more fully stated herein.

## APPENDIX

" Well I say you're not well prepared for trial, counselor . . . You're in the wrong court!"

GRIN & BEAR IT by Fred Wagner
(c) New America Syndicate, 1987
by permission of North America Syndicate, Inc.