**In re ASSOCIATED GROCERS OF COLORADO, INC., Debtor.**

**ASSOCIATED GROCERS OF COLORADO, INC., Plaintiff,**

v.

**TEMPORA CORP., Defendant.**

**Bankruptcy No. 86 B 09650 M.
Adv. No. 86 J 1039.**

United States Bankruptcy Court,
D. Colorado.

Dec. 12, 1988.

As Amended Jan. 6, 1989.

Michael Lilly, Hughes & Dorsey, Denver, Colo., for debtor/plaintiff.

Delores Kopel, Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, Colo., for Tempora Corp.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER comes before the Court upon a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on behalf of

---

the Defendant, Tempora Corp. ("Tempora"). A hearing was held on January 20, 1987, and the court requested that both counsel for Plaintiff and counsel for Defendant submit briefs on the issue of whether a distinction may be made in the core proceeding analysis between a proceeding to collect pre-petition accounts receivable and a proceeding to collect post-petition accounts receivable.

Plaintiff Associated Grocers filed its petition in bankruptcy on October 10, 1986. Between July 10, 1986, and October 9, 1986, Plaintiff sold and delivered to Defendant Tempora goods on open account in the alleged amount of $37,196.44. (The pre-petition accounts receivable). Between October 10, 1986, and October 31, 1986, Plaintiff sold and delivered to Tempora goods on open account in the alleged amount of $21,469.91. (The post-petition accounts receivable.) Tempora has refused to pay for the goods and Plaintiff thereafter commenced this action.

The rule in this district regarding pre-petition accounts receivable was clearly set out in *In re P & P Oilfield Equipment, Inc.,* 71 B.R. 621 (Bankr.Colo.1987). The court in that case indicated that the collection of pre-petition accounts receivable was not a core proceeding and that mandatory abstention under 28 U.S.C. § 1334(c)(2) was required.

The question of whether the collection of post-petition accounts receivable is a core proceeding has not previously been addressed in this district. Other districts have addressed this question, and the majority have found that it is a core proceeding. The court would point out that none of the many cases cited by the Defendant in its brief have anything to do with whether the collection of accounts receivable, either pre- or post-petition, is a core proceeding.

The Court in *In re L.A. Clarke and Son, Inc.,* 51 B.R. 31 (Bankr.D.C.1985), cited by the Plaintiff in its brief, found that collection of post-petition accounts receivable was a core proceeding for two reasons. First, 28 U.S.C. § 157(b)(1) provides that a core proceeding is one "arising under title 11, or arising in a case under title 11". The *Clarke* court stated that "all the operative events giving rise to the claim and counterclaim occurred during the period after the Debtor's Chapter 11 petition was filed, while the Debtor was a Debtor–in–Possession, and they all involved the activities of the Debtor as Debtor–in–Possession, operating under the aegis of this Court's protection and authority." Secondly, the *Clarke* court found that the matter fell under the specific language of 28 U.S.C. § 157(b)(2)(A) and (B): "Core proceedings include, but are not limited to, (A) matters concerning administration of the estate; (B) allowance or disallowance of claims against the estate." The court indicated that since the cause of action arose during the administration of the estate, it "concern[ed] the administration of the estate." *Accord In re Arnold Print Works, Inc.,* 815 F.2d 165 (1st Cir.1987).

It is the position of Defendant that the *Clarke* case is not persuasive, apparently because the issue of jurisdiction was raised by the judge *sua sponte.* This court notes that this was exactly the situation in *P & P Oilfield, supra.* There the court brought up the jurisdiction issue *sua sponte,* and that case is frequently cited in this district as authority in core/non-core matters.

*In re Epi–Scan, Inc.,* 71 B.R. 975 (Bankr.D.N.J.1987) involved a similar set of circumstances to the case at bar; i.e., there were both pre- and post-petition accounts receivable. The *Epi–Scan* court found that an action to collect pre-petition accounts receivable was not a core proceeding because the cause of action was owned by the debtor at the time the bankruptcy petition was filed and therefore became property of the estate under 11 U.S.C. § 541. Exactly the opposite result was found regarding the post-petition accounts receivable. That cause of action was found to be core for the reason that it clearly arose in the title 11 case and was not owned by the debtor at the time the petition was filed. The court found that its jurisdiction was predicated solely on 28 U.S.C. § 157(b)(2)(A) in that a matter aris-

ing post-petition is one directly affecting the "administration of the estate".

Defendant states in its Reply Brief that "Defendant submits that Plaintiff's claims are based on state law, and that the 10th Circuit and the Colorado District Court [in *Matter of Colorado Energy Supply, Inc.*, 728 F.2d 1283 (10th Cir.1984), and *In re Pierce*, 44 B.R. 601 (D.C.Colo.1984)] have held that such actions are not core proceedings." By such statement, Defendant implies that state law causes of action are automatically non-core. Such is not the case. 28 U.S.C. § 157(b)(3) specifically states that "a determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." The fact that state law issues are involved is thus not necessarily determinative—it is just one of the factors the court will look at in its core/non-core analysis.

Therefore, this Court finds that the Plaintiff's First Claim for Relief of $21,469.91 in post-petition accounts receivable is a core proceeding. The court further finds that the Plaintiff's Third Claim for Relief of $37,196.44 in pre-petition accounts receivable is a non-core proceeding.

ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be granted insofar only as Plaintiff's Third Claim for Relief.

FURTHER ORDERED that the Motion be denied insofar only as Plaintiff's First, Second and Fourth Claims for Relief.