In re HOLLY'S, INC., Debtor.

HOLLY'S, INC., d/b/a Holiday
Inn–East, Plaintiff,

v.

CITY OF KENTWOOD, Defendant.

District Court No. 1:94–CV–780.
Bankruptcy No. 91–84931.
Adv. No. 93–8530.

United States District Court,
W.D. Michigan,
Southern Division.

March 3, 1995.

Thomas C. Clinton, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Holly's, Inc.

Daniel R. Kubiak, Clary, Nantz, Wood, Hoffius & Cooper, Grand Rapids, MI, for City of Kentwood.

## OPINION

QUIST, District Judge.

This action involves an appeal from the bankruptcy court. The Debtor, Holly's, Inc. (Holly's), is requesting a reversal of the bankruptcy court's order granting the City of Kentwood's ("Kentwood") motion for summary judgment. The bankruptcy court held that "it had subject matter jurisdiction to render a final judgment on the Debtor's real property tax liability to Kentwood for the years 1989 through 1992 only, ... [and] that the doctrine of res judicata bars the Debtor's request, pursuant to section 505(a), to determine its tax liability to Kentwood for the years 1989 through 1992." Bankruptcy Opinion, 172 B.R. 545, 568. The court also held that Holly's is barred from further litigating its tax liability to Kentwood for the years 1989 through 1992 in "any forum." Id. at 568.

## BACKGROUND

Holly's filed a Chapter 11 Petition with the bankruptcy court on September 13, 1991. On November 24, 1992, the bankruptcy court entered an order confirming the Debtor's Third Amended Plan of Reorganization ("Plan"). On August 31, 1993, Holly's filed a Motion for Determination of Tax Liability pursuant to 11 U.S.C. § 505 seeking a determination of the amount of real property taxes it owed to Kentwood for tax years 1989 through 1993.[1] Holly's 1992 real property taxes became due post-petition, and were paid as a post-petition administrative ex-

---

1. On November 1, 1991, the Kent County Treasurer, on behalf of the City of Kentwood, filed two proofs of claim for the 1989 and 1990 real property taxes allegedly owed by Holly's. On August 20, 1992, the Kent County Treasurer filed a proof of claim for 1991 real property taxes allegedly owed by Holly's. See Bankruptcy Opinion at 557 n. 13.

pense under the terms of the Debtor's confirmed Plan.[2] On October 13, 1993, the bankruptcy court entered an order converting the Motion for Determination of Tax Liability into an adversary proceeding. Holly's filed a complaint in the adversary proceeding, Kentwood filed an answer, and on May 23, 1994, Kentwood filed a Motion for Summary Judgment/To Dismiss/To Abstain. Holly's opposed the motion. On September 30, 1994, the bankruptcy court issued an Opinion and Order granting Kentwood's motion.

Prior to the commencement of the Chapter 11 bankruptcy proceeding, Holly's filed a timely protest to the 1991, 1992, and 1993 real property tax assessments before the local boards of review. Holly's continued the administrative appeals process by petitioning for further relief from the Michigan Tax Tribunal. These appeals are currently pending before the Michigan Tax Tribunal. However, pursuant to the parties' stipulated motion, the Michigan Tax Tribunal entered an order holding the appeals in abeyance indefinitely pending resolution or dismissal of the tax liability determination action pending before the bankruptcy court.

Holly's has limited its claim for appeal to the "narrow issue of whether Holly's failure to file an objection to claim of Kentwood in the Bankruptcy Court during the 120 days should bar it from proceeding with the pending appeal of the 1991 and 1992 taxes in the Michigan Tax Tribunal." Appellant's brief at 3.

### STANDARD OF REVIEW

■■■■ On appeal from the bankruptcy court, a district court applies a clearly erroneous standard to findings of fact, but a de novo review to questions of law. *In re Charfoos*, 979 F.2d 390, 392 (6th Cir.1992). The party seeking review of the bankruptcy court's determination bears the burden of proof. *In re Van Rhee*, 80 B.R. 844, 846 (W.D.Mich.1987) (citations omitted.)

2. Holly's was required to pay the 1992 taxes, both by order of the bankruptcy court and by virtue of M.C.L.A. 205.743. Kentwood did not

### ISSUE PRESENTED

The primary issue the Court must address is whether the bankruptcy court correctly concluded that the doctrine of res judicata precludes Holly's from contesting the 1989 through 1992 tax assessments in any forum.

### DISCUSSION

#### I.

■■■■ It is a well settled rule of law that once a bankruptcy plan is confirmed by the court, the parties are bound by the plan's resolution of the issues presented in it. *In re Gillingham*, 150 B.R. 907, 909 (W.D.Pa.1993); *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir.1991).

In this case, the Plan contains a provision which addresses the payment of real property taxes. Article I of the Plan entitled "Classification of Claims and Interests," provides for payment of Kentwood's claims for real property taxes as a Class 3b claim. Article II of the Plan entitled "Treatment of Claims and Interests," states that "Claims in Class 3b shall be impaired." Article II Class 3b of the Plan does not refer to pending litigation in the Michigan Tax Tribunal; it does not reserve the right to institute a post-confirmation proceeding under 11 U.S.C. § 505; and it does not indicate how Class 3b claims shall be paid.

Article IV entitled "Objections to Claims" states as follows:

The reorganized Debtor [Holly's] or any other party in interest may object to any claim asserted against the *estate* by not later than one hundred and twenty (120) days following the Effective Date. In the event that the pendency of an objection proceeding shall result in a delay in payments that would otherwise have been made under the Plan to a disputed creditor, all required distributions to such creditor shall be brought current (without interest) by no later than thirty (30) days following the date on which *the Court* enters its final order allowing such creditor's claim. (Emphasis added.)

file a proof of claim for the 1992 taxes in the bankruptcy court.

The "Definitions" portions of the Plan defines "Court" as follows:

> the United States Bankruptcy Court for the Western District of Michigan, including the United States Bankruptcy Judge presiding in this case. "Court" shall also mean, to the extent that the United States Bankruptcy Court may be deemed to be without complete jurisdiction in this case, *or to the extent that the reference is withdrawn,* the United States District Court for the Western District of Michigan. (emphasis added)

The jurisdiction provision of the Plan contained in Article VIII states that "[t]he Court shall retain jurisdiction until the Plan is confirmed. Following the Effective Date, the court Shall retain jurisdiction for the following purposes only: 1. To allow, disallow or reconsider any claim filed or deemed to be filed herein; ... 3. To resolve disputes regarding the interpretation of the Plan, ..."

Kentwood filed its proofs of claim for the 1989, 1990 and 1991 real property taxes in the bankruptcy court prior to the confirmation of the plan by the court. Although Article IV of the Plan does not specify where an objection must be filed, the "Definitions" portion of the Plan provides for actions pertaining to the bankruptcy to be maintained in "the United States Bankruptcy Court for the Western District of Michigan" or "the United States District Court for the Western District of Michigan." The Plan does not mention the Michigan Tax Tribunal.

■ Holly's was aware that there was an issue in the bankruptcy proceeding regarding the real property taxes based upon Kentwood's proofs of claim filed. Holly's failed to make provisions within the plan to resolve the proofs of claim. Therefore, the issues pertaining to the Kentwood taxes are deemed resolved by the Plan. Furthermore, Holly's protest to the tax assessments before the local boards of review were filed prior to the commencement to the bankruptcy proceeding. *Black's Law Dictionary* (6th ed. 1990) states that an objection is the "[a]ct of objecting; that which is, or may be presented in opposition ..." Therefore, the state proceedings cannot be "objections" to the proofs of claims filed in the bankruptcy court.

## II.

■ 11 U.S.C. § 1141(a), entitled "Effect of Confirmation", lists categories of parties who are bound by the terms of a confirmed plan. The effect of confirmation under the plain language of section 1141(a) is to bind all parties to the terms of a plan of reorganization. *In re Chattanooga Wholesale Antiques, Inc.,* 930 F.2d 458, 463 (6th Cir.1991). Confirmation of a plan of reorganization by the bankruptcy court has the effect of a final judgment and res judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings. *Id.* at 463.

In *Sanders Confectionery Products Inc. v. Heller Financial Inc.,* 973 F.2d 474 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993) the Sixth Circuit reviewed the doctrine of res judicata or claim preclusion as it relates to the confirmation of a bankruptcy plan of reorganization. Res judicata "preclude[s] relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment ..." *Id.* at 480.

■ The doctrine of res judicata bars a subsequent suit if all of the following elements are present:

1. A final decision on the merits in the first action by a court of competent jurisdiction;

2. The second action involves the same parties, or their privies, as the first;

3. The second action raises an issue actually litigated or which should have been litigated in the first action;

4. An identity of the causes of action.

*Id.* at 480 (citations omitted). The court must find all four elements present in order to dismiss a cause of action based on the doctrine of res judicata.

In the case at bar the first element of the test is satisfied. The bankruptcy court's Confirmation Order constitutes a final judgment on the merits of the Chapter 11 proceeding by a court of competent jurisdiction.

The second element is also clearly met. The parties to the adversary proceeding to determine tax liabilities are the same parties that are bound by the Confirmed Plan in the Chapter 11 proceeding.

■ This Court finds that the third element is also satisfied. Holly's should have litigated the issues pertaining to the amount of taxes prior to the confirmation of the Plan, or at least specifically reserved the right to contest the taxes. Holly's argument that the proceeding in the Michigan Tax Tribunal constituted Holly's objections to the claims filed in the bankruptcy proceeding is not persuasive for the reasons previously stated. Furthermore, there is no indication in the plan that the parties intended for the state court proceeding to constitute objections to the proofs of claim filed in the bankruptcy proceeding.

The record indicates that on October 12, 1992, the bankruptcy court approved the Disclosure Statement submitted by Holly's. Subsequent to the entry of the Order approving the Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Holly's filed the Third Amended Plan which the bankruptcy court confirmed. Holly's failure to either pursue its objections to the tax assessments in the bankruptcy court prior to the confirmation of the Plan, or at least reserve the right to receive a determination from the Michigan Tax Tribunal was detrimental.

Holly's asserts that the Plan did not specify where objections to claims must be filed, and that objections to claims in a bankruptcy case can be resolved in another forum. Holly's quotes *In re El Paso Pharm, Inc.*, 130 B.R. 492 (Bankr.W.D.Tex.1991) in support of this proposition. Although *In re El Paso Pharm, Inc.* can be distinguished on several grounds, the fact that the bankruptcy plan in that case had not been confirmed at the time the court was deciding whether to remand the action back to the state court is significant. Confirmation of the plan in the instant case has the effect of resolving issues that should have been litigated or preserved before the Plan was confirmed.

Holly's cites *In re Lewis*, 875 F.2d 53 (3rd Cir.1989); *In re Gillingham*, 150 B.R. 907, 910 (W.D.Pa.1993); and *In re Dahlgren Int'l,*

*Inc.*, 147 B.R. 393, 397–98 (N.D.Tex.1992) in support of its claim that res judicata does not preclude parties from litigating issues which a Chapter 11 plan contemplates will be determined at a later date. In these cases the reorganization plans contained provisions which specifically contemplated further proceedings related to a particular issue. Holly's has not established that the Plan in the case at bar contemplated any further litigation regarding the Kentwood property tax assessments. Although Holly's Plan provided for objections to be asserted subsequent to confirmation, the plan did not indicate that the Kentwood tax claim was unresolved. The plain language of the Plan does not manifest a need to resolve issues pertaining to the Kentwood taxes. For the reasons stated, this Court finds that the third element has been satisfied.

The Sixth Circuit in *Sanders* noted that the fourth element of the res judicata doctrine requires "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders*, 973 F.2d at 484 (quoting *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir.1981)). Objections to Article I Class 3b claims require proof of the same facts and evidence as is required by a section 505 proceeding for a determination of tax liability. Therefore, element four is satisfied.

■ Although Kentwood did not file a proof of claim for the 1992 tax assessment, the fact that Holly's paid those taxes as an administrative expense under the confirmed bankruptcy plan precludes Holly's from relitigating its tax liability for 1992. Holly's could have preserved the right to challenge the validity of the 1992 tax post-confirmation.

### CONCLUSION

The bankruptcy court correctly concluded that the doctrine of res judicata precludes Holly's from challenging its real property tax liability to Kentwood for the tax years 1989 through 1992. Therefore, the bankruptcy court's decision is AFFIRMED. An Order consistent with this Opinion will be entered.