In re Nesbit Lee LACY, a/k/a Lee Lacy,
SSN 316–32–5846, Debtor.

Nesbit Lee LACY, a/k/a
Lee Lacy, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Defendant.

Bankruptcy No. 93–10081–CEM.
Adv. No. 94–1542–PAC.

United States Bankruptcy Court,
D. Colorado.

June 20, 1995.

Maria Flora, Charles McVay, Peter R. Nadel, Gorsuch Kirgis, L.L.C., Denver, CO, for F.D.I.C.

Joan Burleson, Rubner & Kutner, P.C., Denver, CO, for Nesbit Lee Lacy.

## ORDER DISMISSING ADVERSARY CASE

PATRICIA ANN CLARK, Bankruptcy Judge.

This matter is before the Court on the Federal Deposit Insurance Corporation's (F.D.I.C.) motion to dismiss; the plaintiff's response thereto; and the F.D.I.C.'s reply to the response. In its motion to dismiss, the F.D.I.C. asserts that this Court does not have subject matter jurisdiction over the complaint (Complaint). As this is a purely legal issue, the Court finds that oral argument would not be of material assistance in the determination of this matter.

A brief history of the underlying case is necessary to a determination of the jurisdictional issues before the Court. The plaintiff-debtor (Debtor) filed for bankruptcy relief pursuant to Chapter 11 of the Bankruptcy Code on January 6, 1993. On January 21, 1994, the F.D.I.C. timely filed a proof of claim against the Debtor's estate as a secured creditor, in the amount of $1,770,-046.78. The claim is based on a construction loan, and purported modifications thereto, secured by a first deed of trust on a single family residence located at 474 Cuesta Way, Los Angeles, California (Cuesta Way Property).

On August 24, 1994, the Debtor's Fourth Amended and Restated Plan of Reorganization (the Plan) was confirmed by the Court. Three provisions of the Plan are pertinent to the issue before the Court: the treatment of the F.D.I.C.'s claim, the provision regarding revestment of property in the Debtor, and the retention of jurisdiction provision.

With regard to the F.D.I.C.'s claim, the Plan states:

**Federal Deposit Insurance Corporation. Class 7.** Class 7 consists of the allowed secured claim of the Federal Deposit Insurance Corporation. The Class 7 claim is secured by a first Deed of Trust encumbering the Cuesta Way property. The Class 7 claim is unimpaired by this Plan and will be treated and satisfied as follows:

a. The Debtor will file an Adversary Proceeding objecting to the claim of the F.D.I.C. and requesting additional relief. The claim will then be allowed in whole or in part or disallowed by the Court. If any claim is allowed to the F.D.I.C., it will be a Class 7 claim.

b. The mutual legal, equitable and contractual obligations of the Debtor and the F.D.I.C. are unaltered by this Plan.

The Plan, p. 11, ¶ 5.7. The Plan leaves unaltered the terms of the pre-petition loan agreement between the debtor and the F.D.I.C., with regard to the Cuesta Way property. The Cuesta Way property is only included in the Plan to satisfy the F.D.I.C.'s claim. The Cuesta Way property is not one of the properties listed in Article 8 of the Plan which are to be sold to satisfy the debtor's creditors.

The Plan provides for the revesting of property in Nesbit Lee Lacy (the Reorga-

nized Debtor[1]) upon confirmation. Paraphrasing the language of 11 U.S.C. § 1141, paragraph 7.1 of the Plan states that upon confirmation, "all property interests owned by the estate will revest in Lacy subject to the terms and conditions of the Plan." The Plan, p. 19, ¶ 7.1.

The Plan also purports to confer jurisdiction on this Court to determine certain post-confirmation matters. Under the heading "Miscellaneous Provisions," the Plan provides for retention of jurisdiction by this Court. The Plan provides, in relevant part:

10.2 **Retention of Jurisdiction.** Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

1. Determination of the allowability of claims upon objection to such claims by the Debtor-in-Possession or by any other party in interest;

\* \* \* \* \* \*

3. Resolution of any disputes regarding interpretation of the Plan;

4. Implementation of the provisions of the Plan and Entry of Orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested debtor from actions by creditors or third parties.

On September 8, 1994, less than a month post-confirmation, the Reorganized Debtor filed the Complaint. In the Complaint, the Reorganized Debtor seeks disallowance of the F.D.I.C.'s pre-petition claim, damages for the F.D.I.C.'s alleged breach of contract and bad faith, punitive damages and an injunction prohibiting the F.D.I.C. from foreclosing on the deed of trust on the Cuesta Way property.

Specifically, the Reorganized Debtor's first claim for relief alleges:

28. The F.D.I.C. has filed a Proof of Claim in the Lacy Chapter 11 case as a secured creditor in the amount of $1,770,-046.78.

29. As a result of the F.D.I.C.'s conduct as complained of herein, Lacy has been damaged by the F.D.I.C. in an amount that exceeds the claim held by the F.D.I.C.

30. The F.D.I.C.'s Proof of Claim should be disallowed pursuant to 11 U.S.C. § 502(a).

In the F.D.I.C.'s motion to dismiss, the F.D.I.C. asserts that the bankruptcy court does not have subject matter jurisdiction over the claims raised in the Complaint, and, therefore, this adversary proceeding must be dismissed. Briefly stated, the F.D.I.C. argues that all of the elements of the Complaint concern rights and obligations with regard to the Cuesta Way property, which property has revested in the Reorganized Debtor and, therefore, is no longer subject to this Court's jurisdiction. Therefore, the F.D.I.C. argues that the claims raised in the Complaint are outside the Court's limited post-confirmation jurisdiction.

In response, the Reorganized Debtor asserts that this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334. The Reorganized Debtor asserts that this case is a core proceeding, over which the bankruptcy court has subject matter jurisdiction, because this case concerns objections to claims and administration of the estate.

Bankruptcy courts are courts of limited jurisdiction. *In re Gardner (Gardner v. United States)*, 913 F.2d 1515, 1517 (10th Cir.1990), *citing, Johnson v. First Nat'l Bank of Montevideo, Minn.*, 719 F.2d 270, 273 (8th Cir.1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). Pursuant to 28 U.S.C. §§ 1334, 157 and 1471, the bankruptcy courts have jurisdiction to hear all proceedings arising under or related to a case under title 11. In *Gardner*, the Tenth Circuit explained the scope and limita-

---

1. At confirmation, the "debtor" becomes the "reorganized debtor." The reorganized debtor is a new legal entity. The confirmed plan creates a new contract between the reorganized debtor and its creditors, thereby releasing the reorganized debtor from the obligations previously in- curred by the debtor, to the extent provided in the plan. *See, e.g., In re Cottonwood Canyon Land Co.*, 146 B.R. 992 (Bankr.D.Colo.1992); *In re Hiller (Blumenthal v. Clark)*, 143 B.R. 263 (Bankr.D.Colo.1992).

tions of bankruptcy courts' jurisdiction, beginning with core proceedings:

> Bankruptcy courts have jurisdiction over core proceedings. *See* 28 U.S.C. § 157. Core proceedings are proceedings which have no existence outside of bankruptcy. (Citation omitted.) Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings. (Citation omitted.)

*Id.,* at 1517–1518. Thus, the bankruptcy courts' jurisdiction over a given issue or claim is based entirely on the relationship between the underlying bankruptcy proceeding and the asserted claim. The more direct the relationship, the stronger the argument in favor of jurisdiction. *See, Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir.1984).

In section 157(b)(2), Congress set forth a non-exclusive list of 15 types of core proceedings. 28 U.S.C. § 157(b)(2). The list includes "matters concerning the administration of the case," "allowance or disallowance of claims against the estate," and "counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(A), (B), and (C). The list, however, must be interpreted in conjunction with the limitations on bankruptcy court jurisdiction set forth in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (holding that bankruptcy courts could not finally adjudicate private, state law rights).

> In deciding whether an action is core, this district has applied a "restrictive" analysis, holding that the list of the 15 types of core proceedings must be construed narrowly to fit within the constitutional purview of *Marathon. In re Pierce,* 44 B.R. 601 (D.Colo.1984), ("Core proceedings do not encompass separate state law contract actions"); *In re P & P Oilfield Equip., Inc.,* 71 B.R. 621 (Bkrtcy.D.Colo.1987), (Collection of debtor's accounts receivable is pure

state law action and is not core proceeding); *In re Counts,* 54 B.R. 730 (Bkrtcy. D.Colo.1985); *In re Illinois–California Express, Inc.,* 50 B.R. 232 (Bkrtcy.D.Colo. 1985). Even if an action arguably fits within the literal wording of one of the 15 core proceedings listed in § 157(b)(2), it still must pass muster under *Marathon. See, In re P & P Oilfield Equip., Inc.,* 71 B.R. at 623; *In re Illinois–California Express, Inc.,* 50 B.R. at 239.

*In re Rarick (First National Bank of Westminster v. Rarick),* 132 B.R. 47, 50–51 (D.Colo.1991).[2]

■ Thus the fact that the Reorganized Debtor's claims could arguably fit within the literal wording of subsections B and C of section 157 does not conclude this Court's analysis. This Court must determine whether this case is a "pure state law proceeding," in which case it is not a core proceeding, or whether it is a proceeding which has no existence outside of bankruptcy, in which case it is a core proceeding. *Rarick,* 132 B.R. at 50–51; *Gardner,* 913 F.2d at 1517–1518.

■ Although framed as an objection to allowance of the F.D.I.C.'s claim, the Complaint raises only state law claims. All of the claims asserted by the Reorganized Debtor against the F.D.I.C. could be raised in a state court action to determine the parties' respective rights and obligations with regard to the Cuesta Way property. Furthermore, all of the claims asserted by the Reorganized Debtor arise out of pre-petition loan agreements between the Debtor and the F.D.I.C., and are state law contract and tort claims, specifically, breach of contract and bad faith. Thus, the elements of the Complaint are not dependent upon the Bankruptcy Code for their existence. Therefore, the within case is not a core proceeding. *Id.*

■ Having determined that this case is not a core proceeding, this Court must deter-

---

**2.** This case is distinguishable from the recently decided case of *In re Miramar Resources, Inc. (Miramar Resources, Inc. v. Webb),* 176 B.R. 45 (Bankr.D.Colo.1994). There, in an objection to claim proceeding, the court held that a legal malpractice claim was not a core proceeding because "[i]t arose from a private right with independent existence outside Miramar's bankruptcy estate." The action was commenced pre-confirmation. *Id.,* at 54. The parties stipulated that the case was at least a related proceeding, and thus, the Court did not address whether it was a "related proceeding."

mine whether it has post-petition jurisdiction over the Complaint as a proceeding related to a case under title 11.

Bankruptcy courts also have jurisdiction over related proceedings, under the authority of 28 U.S.C. § 1471(b), which confers jurisdiction on district courts for cases related to title 11 proceedings. (Citation omitted.) Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court. (Citation omitted.) "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (emphasis omitted)....

*Gardner,* at 1518. This Court has already determined that this case could be brought in a state court. Thus, the Court must determine whether the outcome of the case "could conceivably have any effect on the estate being administered in bankruptcy."

The Reorganized Debtor's confirmed Plan provides that the F.D.I.C.'s claim is unimpaired. The F.D.I.C.'s claim will be satisfied, if at all, pursuant to the terms of the pre-petition agreement between the debtor and the F.D.I.C. The Plan, p. 11, Article 5.7. The Plan provides for payment of the F.D.I.C.'s claim, in a manner which does not affect the payments to any other creditor.[3] For example, if the Reorganized Debtor chooses, pursuant to the Plan, to pay the F.D.I.C. with outside funds rather than allowing the F.D.I.C. to foreclose on the Cuesta Way property, the payment to other creditors will be unaffected.

Similarly, if the Reorganized Debtor chooses to allow the F.D.I.C. to foreclose on the Cuesta Way property, the payment to other creditors will be unaffected. The Debtor's pre-petition loan agreement with the F.D.I.C. encumbering the Cuesta Way Property was accepted by the Reorganized Debtor and was not altered by the confirmed Plan. Thus, the F.D.I.C. may foreclose on the Cuesta Way property and pursue any deficiency pursuant to its rights under the contract. However, the F.D.I.C. is not entitled recover to any deficiency from the estate as an unsecured creditor, because the Plan does not so provide.

Furthermore, if the Reorganized Debtor pursues the claims asserted in this action in state court, and prevails, the payment to other creditors will be unaffected. The Plan provides for the revesting of the Cuesta Way property in the Reorganized Debtor upon confirmation, and thus, it is no longer part of the estate which can be used to pay other creditors. Accordingly, this Court finds that the outcome of this case will have no affect on the administration of the bankruptcy estate.

■ Moreover, confirmation of a reorganization plan causes the bankruptcy court's jurisdiction to contract, *In re Cary Metal Products, Inc. (Zerand–Bernal Group, Inc. v. Cox),* 152 B.R. 927, 932 (Bankr.N.D.Ill. 1993), aff'd, 158 B.R. 459 (N.D.Ill.1993), aff'd, 23 F.3d 159 (7th Cir.1994), and revests the property of the estate in the reorganized debtor. 11 U.S.C. § 1141(b); *In re Hiller (Blumenthal v. Clark),* 143 B.R. 263 (Bankr. D.Colo.1992). At that point, the property's relationship to the estate, and therefore the bankruptcy court's jurisdiction over the property, normally ends.

A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. (Citation omitted.) When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, (citation omitted), and the property's relationship to the bankruptcy proceeding comes to an end. (Citation omitted.)

*Gardner,* 913 F.2d at 1518. Accordingly, as of the effective date of the confirmed Plan, the Cuesta Way property revested in the Reorganized Debtor. Because the confirmed Plan provided that "[t]he mutual legal, equi-

---

**3.** Although the Debtor asserts in paragraph 43 of the Complaint that, if the F.D.I.C.'s claim is disallowed, the Cuesta Way property could be used to satisfy other creditors, the Plan does not so provide. The Plan does not in any way obligate the Debtor to pay its other creditors by liquidating the Cuesta Way property. *See,* The Plan, Article 8.

table and contractual obligations of the Debtor and the F.D.I.C. are unaltered by this Plan," the Reorganized Debtor received the Cuesta Way property subject to the F.D.I.C.'s pre-petition rights. For purposes of bankruptcy court jurisdiction, the important fact is that the property passed out of the estate and into the possession of the Reorganized Debtor, and thus, any action with regard to the property could not have any conceivable affect on the administration of the estate. For the foregoing reasons, this case is not a related proceeding over which this Court has subject matter jurisdiction.

As a final point, this Court finds that the provision in the Plan relating to retention of jurisdiction, cannot, and does not, expand the subject matter jurisdiction of this Court. "The parties to an agreement cannot confer subject matter jurisdiction on a federal court." *In the Matter of Holly's, Inc.*, 172 B.R. 545, 555 (Bankr.W.D.Mich.1994), *aff'd*, 178 B.R. 711 (W.D.Mich.1995), *citing, Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2014, 72 L.Ed.2d 492 (1982); *California v. LaRue*, 409 U.S. 109, 112, n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972).

Based on the findings set forth herein, this Court finds that it is without subject matter jurisdiction to entertain the within Complaint. It is therefore,

ORDERED that the above-captioned adversary case is hereby dismissed.