## In re BEAVER OFFICE PRODUCTS, INC., Debtor.

### No. 93–32819.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

May 16, 1996.

Richard Scheich, Toledo, Ohio, Thomas Schank, James Perlman, Toledo, Ohio, for movant.

Richard Farrar, Maumee, Ohio, for BOP U.S.A., Inc.

## OPINION AND ORDER DENYING MOTION FOR CIVIL CONTEMPT AND DISMISSING MOTION FOR AN ORDER TO ENFORCE COMPROMISE FOR WANT OF JURISDICTION

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on Capital Market Consultants, Inc., n/k/a TransCapital

Ltd.'s ("TCL") motion for an order to enforce the postconfirmation compromise agreement entered into between BOP USA, Inc., the reorganized debtor, (the "Debtor") and TCL or in the alternative for an order of civil contempt against the Debtor. The Court finds that TCL's motion to enforce compromise should be dismissed for want of jurisdiction. Further, the Court finds that TCL's motion for civil contempt is not well taken and should be denied.

## FACTS

Beaver Office Products, Inc. ("Beaver") filed a petition under chapter 11 of title 11 on September 30, 1993 (the "Petition Date"). The Court confirmed Beaver's second amended plan of reorganization (the "Plan") on August 21, 1995 (the "Confirmation Order").

Subsequent to the Petition Date and prior to the Confirmation Order, TCL performed consulting services for Synco USA, Inc. ("Synco"), formerly a wholly owned subsidiary of Beaver. Synco merged with the Debtor on confirmation of the Plan.

TCL filed a motion to extend time to appeal the Confirmation Order on August 31, 1995.

The Debtor subsequently filed a motion to compromise TCL's motion to extend time with the Court on September 22, 1995 after the parties reached a compromise agreement.

On October 15, 1995 the Court approved the Debtor's motion to compromise (the "Approval Order"). The Approval Order stated that:

for good cause shown, it is,

ORDERED that the following compromise has been approved:

1. [TCL] will withdraw the Motion for Leave to Extend Time to Appeal, in exchange for which the reorganized Debtor will pay the sum of $10,000.00 upon the Order approving this compromise becoming final, and will pay an additional $5,000.00 on or before October 31, 1995;

2. Pursuant to the provisions of the Confirmed Plan requiring the reorganized Debtor to seek replacement financing of the United Bank obligations, the Debtor will employ the services of [TCL] to assist the Debtor in obtaining that replacement financing. The Debtor and [TCL] shall enter into a specific separate written agreement for such additional services which will, in general, contain the following terms:

a. For a period of eighteen (18) months, commencing six (6) months after approval of the compromise, [TCL] shall use its best efforts to obtain a commercial lender willing and able to replace the outstanding debt at that time to United Bank and ITT, and in exchange for successfully closing on such a replacement financing transaction, [TCL] shall receive a commission of 3.6% of the amount refinanced and shall receive its out-of-pocket expenses as incurred.

b. In addition, if replacement financing is obtained from a commercial lender approached by the consultants during the one (1) year following termination of the agreement with [TCL], [TCL] shall be entitled to a fee equal to 2% of the replacement financing. The agreement shall be consistent with non-bankruptcy agreements for similar services rendered under normal commercial circumstances and subject further detail as will be set forth in the full written contract.

*See* Approval Order at pp. 1–2.

TCL subsequently dismissed its motion to extend time to appeal the Confirmation Order.

TCL apparently does not dispute the Debtor's contention that the Debtor has paid TCL $15,000.00. *See* Debtor's Response, Exhibit A.

TCL alleges that the Debtor has failed to enter into a written agreement for consulting services. In this connection, TCL argues that the Debtor has failed to pay TCL certain nonrefundable retainer payments alleg-

edly required by the compromise agreement. In response, the Debtor argues that its obligation to pay the nonrefundable retainer payments under the compromise agreement was satisfied by its payment of $15,000.00 subsequent to the Approval Order.

## DISCUSSION

### MOTION TO ENFORCE COMPROMISE AGREEMENT

### APPLICABLE STATUTE

The Court's jurisdiction over this matter is derivative of the district court's jurisdiction. Section 1334 of title 28 outlines the jurisdictional grant to district courts over bankruptcy matters as follows:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334.

### BURDEN OF ESTABLISHING JURISDICTION

■ TCL bears the burden of establishing this Court's jurisdiction to enforce the settlement agreement. *Pioneer Investment Services Co. v. The Cain Partnership, Ltd. (In re Pioneer Investment Services Co.)*, 141 B.R. 635, 643 (Bankr.E.D.Tenn.1992) (citation omitted); *cf. Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391, 395 (1994) ("the burden of establishing [federal jurisdiction] rests upon the party asserting jurisdiction") (citation omitted).

### WHETHER THIS COURT HAS JURISDICTION OVER TCL'S MOTION TO ENFORCE COMPROMISE

■ This Court lacks "related to" jurisdiction to enforce the postconfirmation settlement agreement between the Debtor and TCL. *See H.S. Finkelstein v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 127 B.R. 800, 804 (S.D.Tex.1991) (holding that court lacked subject matter jurisdiction over royalty owner's claim against debtor based on debtor's alleged breach of duty in postconfirmation settlement of gas purchase contract, notwithstanding debtor's argument that debtor would be unable to meet its obligations to other creditors under plan of reorganization if royalty owner succeeded in action against debtor); *Lacy v. Federal Deposit Ins. Corp. (In re Lacy)*, 183 B.R. 890 (Bankr.D.Colo. 1995) (finding that court lacked "related to" jurisdiction to determine debtor's action seeking disallowance of claim, damages for breach of contract and injunction); *see also Zahn Assoc., Inc. v. Leeds Building Prod., Inc. (In re Leeds Building Prod., Inc.)*, 160 B.R. 689, 690–91 (Bankr.N.D.Ga.1993) (held that court lacked "related to" jurisdiction over postconfirmation action for payment on note by trustee of trust indenture, despite the fact that trust was created pursuant to confirmed plan in order to make distributions to unsecured creditors and funded by promissory note executed by debtor); *cf. Holly's, Inc. v. City of Kentwood (In re Holly's, Inc.)*, 172 B.R. 545, 562 (Bankr.W.D.Mich.1994), *aff'd on other grounds*, 178 B.R. 711 (W.D.Mich.1995) (finding that court lacked "related to" jurisdiction over debtor's adversary proceeding which sought to determine debtor's postconfirmation real property tax liability). Significantly, since both the compromise agreement and the Approval Order arose after the Confirmation Order, neither can be regarded as necessary to the enforcement of the Plan. *See* 11 U.S.C. § 1142.

■ Furthermore, this Court does not have ancillary jurisdiction over TCL's motion. *See Poplar Run Five Ltd. Partnership v. Virginia Electric & Power Co. (In re Poplar Run Five Ltd. Partnership)*, 192 B.R. 848, 860 (Bankr.E.D.Va.1995) (concluding that court lacked ancillary jurisdiction over action to enforce settlement agreement, notwithstanding the fact that debtor's plan of reorganization "mentioned and approved" settlement agreement, where court had pre-

viously concluded that it did not have "related to" jurisdiction over proceeding and evidence indicated that state courts were able to provide adequate relief); *cf. Kokkonen,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (concluding that district court lacked jurisdiction to enforce claim for breach of settlement agreement, despite the fact that part of the consideration for such settlement agreement was the dismissal of an earlier federal case and the fact that district court judge was aware of and approved settlement agreement, where district court order dismissing case did not retain jurisdiction to enforce settlement agreement). The language in the Approval Order did not purport to reserve jurisdiction to enforce the compromise. *Cf. Miener v. Missouri Dep't of Mental Health,* 62 F.3d 1126 (8th Cir.1995) (concluding that district court's grant of motion to approve settlement did not provide district court with ancillary jurisdiction to enforce settlement). Nor did the Approval Order direct the parties to comply with the compromise. Here, as in *Kokkonen,*

> The short of the matter is this: The suit involves a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal [proceeding]. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute.

*Kokkonen,* 511 U.S. at ——, 114 S.Ct. at 1677, 128 L.Ed.2d at 397–98.

## MOTION FOR CONTEMPT

■ Assuming arguendo that the Debtor has breached its postconfirmation contract with TCL, punishing such a breach is not necessary for this Court to "vindicate its authority, [or] effectuate its decrees". *Kokkonen,* 511 U.S. at ——, 114 S.Ct. at 1676, 128 L.Ed.2d at 397 (citations omitted). This Court's Approval Order is "in no way flouted or imperiled by the alleged breach of the settlement agreement". *Kokkonen,* 511 U.S. at ——, 114 S.Ct. at 1677, 128 L.Ed.2d at 397.

In light of the foregoing, it is therefore

ORDERED that TCL's motion for contempt of court be, and it hereby is, denied. It is further

ORDERED that TCL's motion to enforce compromise be, and it hereby is, dismissed for want of jurisdiction.