IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20697
_____


GEORGE C PUCKETT, JR; MARTHA SUE PUCKETT
                           Plaintiffs-Appellants

        v.

COMMISSIONER OF THE INTERNAL REVENUE SERVICE
                           Defendant-Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-1788)
_____

April 12, 2000

Before KING, Chief Judge, and REAVLEY and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Plaintiffs-Appellants George C. Puckett, Jr. and Martha Sue

Puckett appeal the district court's grant of judgment on the

pleadings in favor of the Internal Revenue Service.  On appeal,

Plaintiffs-Appellants argue that the district court erred in

dismissing their claim for injunctive relief, and in ruling that

their tax refund claims were barred by res judicata.  For the

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

reasons stated below, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL HISTORY

In July 1987, Plaintiffs-Appellants George C. Puckett, Jr. and Martha Sue Puckett (the "Pucketts") petitioned for Chapter 11 bankruptcy protection.  In September 1990, Defendant-Appellee the Commissioner of the Internal Revenue Service (the "IRS") filed a proof of claim, which it amended in January and February 1991. The IRS asserted an administrative claim for $190,357.10 in post-petition tax liability for the years 1987, 1988, 1989, and 1990. The IRS also assessed a total of $158,879.67 in pre-petition tax liabilities for the years 1985 and 1986 as an unsecured priority claim.  Finally, the proof of claim for pre-petition taxes also calculated that the Pucketts owed $160,647.48 in interest and penalties on their pre-petition taxes.  The Pucketts did not object to either the IRS' original or amended proofs of claim.

The Pucketts submitted a First Amended Plan of Reorganization as Supplemented (the "Plan") in March 1991.  The Plan specifically incorporated the tax liability averred by the IRS as allowed claims.  The post-petition taxes (1987-1990) were treated as a Class 2 secured claim entitled to priority under 11 U.S.C. § 506.  The Plan provided for full payment of this claim. Next, the pre-petition taxes were categorized as a Class 3 claim with priority pursuant to 11 U.S.C. § 507(a)(7).  The Plan provided that funds remaining after the payment of the Class 1, 2, and 4 claims would be applied to this claim.  It further

2

stated that "TO THE EXTENT THAT THE CLASS 3 CLAIM IS NOT PAID IN FULL, THE INTERNAL REVENUE SERVICE MAY TAKE SUCH ACTIONS AS ARE AUTHORIZED BY THE INTERNAL REVENUE CODE TO ASSESS AND COLLECT ANY UNPAID BALANCE." Debtors' First Amended Plan of Reorganization As Supplemented, at 7. Finally, the interest and penalties on pre-petition taxes were classified as a Class 7 unsecured claim under the Plan. Noting that no funds would be available to satisfy this claim after partial payment of the Class 3 claim occurred, the Plan declared:

> THE INTERNAL REVENUE SERVICE MAY TAKE SUCH ACTIONS AS ARE AUTHORIZED BY THE INTERNAL REVENUE CODE TO ASSESS AND COLLECT ALL PENALTIES AND THE INTEREST OWING THEREON WHICH ARE ATTRIBUTABLE TO THE DEBTOR'S [sic] PRE-PETITION FEDERAL INCOME TAXES AND FEDERAL WITHHOLDING TAXES AND INCLUDED IN THIS PLAN AS A CLASS 7 CLAIM.

Debtors' First Amended Plan of Reorganization, As Supplemented, at 9.

On April 2, 1991, the bankruptcy court entered a confirmation order. The order established a 30-day period during which objections to claims could be brought. However, the Pucketts did not object to the IRS' proofs of claim within this period. In June 1992, the Pucketts delivered two checks to the IRS. One check, for $225,564.90, was submitted in satisfaction of the Class 2 administrative claim for post-petition taxes. The second, for $175,000, was applied to the Class 3 claim for pre-petition taxes. The remainder of the Class 3 claim, as well as the entire Class 7 claim for interest and penalties on pre-petition taxes, went unpaid.

In June 1994, the Pucketts filed amended tax returns for the years 1985 to 1988. The Pucketts claimed that a 1984 net operating loss ("NOL") carried forward from 1984 to 1985 and reduced their 1985 tax liability by $113,807; and that a 1989 NOL carried back from 1989 to 1987 and 1988 and reduced their tax liability for those two years by $82,143.[1] The IRS characterized the Pucketts' amended returns as a claim for tax adjustment, and denied the claim on the grounds of res judicata. The Pucketts appealed to the IRS appeals division, which in March 1998 likewise denied their claim.

The Pucketts subsequently filed suit in the United States District Court for the Southern District of Texas. The Pucketts' complaint sought (1) injunctive relief from collection efforts by the IRS, and (2) a refund on their 1985-88 income taxes.[2] In August 1998, the IRS filed an answer. The IRS then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting, inter alia, that res judicata precluded the Pucketts' refund claim. The Pucketts filed a response to the IRS' 12(b)(6) motion, and also moved to strike the motion as untimely.

On June 22, 1999, the district court ruled on the parties' motions. The court converted the IRS' 12(b)(6) motion to a motion for judgment on the pleadings under Federal Rule of Civil

---

[1] The Pucketts also claimed that deductions for business expenses reduced their 1986 tax liability by $64,607.

[2] The Pucketts' complaint alleged numerous grounds for a refund. On appeal, they only assert that they are due refunds because of NOL carryover and carryback deductions applied to their tax liability for the years 1985, 1987, and 1988.

4

Procedure 12(c), which, the court found, obviated the Pucketts'
motion to strike.  The district court then considered the merits
of the IRS' motion, and determined that res judicata barred the
Pucketts' refund claim.  The court did not address the Pucketts'
claim for injunctive relief.  The district court granted the IRS'
motion for judgment on the pleadings and dismissed the Pucketts'
case with prejudice.  The Pucketts timely appeal.

## II. DISCUSSION

On appeal, the Pucketts contend that the district court
erred by failing to address their claim for injunctive relief,[3]
and by dismissing their case with prejudice.  The IRS reasserts
that res judicata bars the Pucketts' refund claim, and argues
that the Pucketts' claim is also time-barred.

We review a judgment on the pleadings pursuant to Federal
Rule of Civil Procedure 12(c) de novo.  See St. Paul Fire &
Marine v. Convalescent Servs., 193 F.3d 340, 342 (5th Cir. 1999)
(citing St. Paul Ins. of Bellaire v. AFIA Worldwide Ins., 937
F.2d 274, 279 (5th Cir. 1991)).  In our review, we look only at
the pleadings, and accept all allegations contained within as
true.  See id. (citations omitted).

### A. Res Judicata

A bankruptcy proceeding bars a later suit if (1) the parties
are identical in the two actions; (2) the prior judgment was

---

[3]  At oral argument, the Pucketts stated that they had
entered into an agreement with the IRS that rendered moot the
claim for injunctive relief.  As a result, we do not address this
claim.

rendered by a court of competent jurisdiction; (3) there was a final adjudication on the merits; and (4) the same cause of action was involved in both cases.  See Eubanks v. F.D.I.C., 977 F.2d 166, 169 (5th Cir. 1992).

Our review of the record and of the relevant caselaw confirms that all four conditions are satisfied here.  The Pucketts instituted both the bankruptcy proceeding and the refund action in the district court.  The IRS, likewise, was a party to both actions.  The agency was named as the defendant in the district court case, and became a party to the bankruptcy proceeding by participating as a creditor.  See Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1051 (5th Cir. 1987).  Furthermore, the bankruptcy judge undoubtedly had jurisdiction to issue an order confirming their proposed plan of reorganization.  It is well-settled, moreover, that a confirmation order issued by a bankruptcy court constitutes a final adjudication on the merits for the purposes of a res judicata analysis.  See Eubanks, 977 F.2d at 170 (citing, inter alia, 11 U.S.C. § 1141(a) and Stoll v. Gottlieb, 305 U.S. 165, 170-71 (1938)).  This court has also held that "an order allowing a proof of claim is, likewise, a final judgment."  In re Baudoin, 981 F.2d 736, 742 (5th Cir. 1993).

Finally, we consider whether the bankruptcy proceeding and the subsequent refund claim involve the same cause of action.  We have stated that "one's total income tax liability for each taxable year constitutes a single, unified cause of action, regardless of the variety of contested issues and points that may

6

bear on the final computation." <u>Finley v. United States</u>, 612 F.2d 166, 170 (5th Cir. 1980) (citing <u>Commissioner v. Sunnen</u>, 333 U.S. 591, 598 (1948)).  Consequently, "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is <u>res judicata</u> as to any subsequent proceeding involving the same claim and the same tax year." <u>Sunnen</u>, 333 U.S. at 598.  We therefore find that the four-part test has been satisfied.

Under the law of this circuit, however, res judicata does not apply unless a party could and should have brought its claims in the former proceeding.  <u>See</u> <u>Eubanks</u>, 977 F.2d at 173 (citations omitted).  Res judicata precludes a later claim if a party was aware of the claim at the time of the prior proceeding. <u>See</u> <u>id.</u> at 175.  Furthermore, res judicata bars a cause of action implicated in a proof of claim during a prior bankruptcy proceeding, to which the party bringing the second action did not object.  <u>See</u> <u>In re Baudoin</u>, 981 F.2d at 744; <u>Southmark Properties v. Charles House Corp.</u>, 742 F.2d 862, 872 (5th Cir. 1984); <u>see also</u> <u>In re Holly's, Inc.</u>, 172 B.R. 545, 567 (W.D. Mich. 1994), <u>aff'd</u>, 178 B.R. 711 (W.D. Mich. 1995).

The Pucketts do not contend that they were unable to bring their claim to reduce their 1985, 1987, and 1988 tax liability by applying carryover and carryback NOLs before the bankruptcy court.  Our review of the record, furthermore, indicates that they had ample opportunity to do so.  There is no allegation in the record that the facts from which the existence of the 1984

7

and 1989 NOLs were determined were not available to the Pucketts at the time that the IRS filed its amended proof of claim in 1991. In fact, the Pucketts had themselves ascertained that they had suffered a loss in 1984, and declared it on their timely-filed 1984 tax return. Moreover, the Pucketts do not deny that they could have contested the amount of tax liability assessed by the IRS by either objecting to the proofs of claim or requesting the bankruptcy court to determine the amount of tax pursuant to 11 U.S.C. § 505(a)(1).

In addition, the Pucketts should have brought their claim during the bankruptcy proceeding. The IRS had filed proofs of claim pursuant to Federal Rule of Bankruptcy Procedure 3003. Under 11 U.S.C. § 502(a), a claim is deemed allowed if no objection is filed. An allowed claim incorporated in a reorganization plan becomes binding upon the debtor once the plan has been confirmed. See 11 U.S.C. § 1141(a). It is undisputed that the Pucketts failed to object to the tax liability asserted in the proofs of claim, either before or after the confirmation order. Accordingly, we find that res judicata precludes the Pucketts' lawsuit. To find otherwise would undermine the claims allowance procedure of the bankruptcy courts, and grant the Pucketts an unjustified opportunity to relitigate their tax liability.

## B. New Arguments on Appeal

The Pucketts submit two new arguments on appeal in support of the proposition that res judicata principles do not apply to

NOLs. They contend that the confirmation order has no preclusive effect under 26 U.S.C. § 6511(d)(2)(B)(iii)(I), which provides that final court decisions are not conclusive with respect to "the net operating loss deduction and the effect of such deduction." The Pucketts also assert that NOLs are contingent upon uncertain future events, and therefore do not constitute "justiciable controversies."

Because the Pucketts did not raise these arguments before the district court, we will not consider them on appeal unless they meet the plain error standard. See Forbush v. J.C. Penney Co., 98 F.3d 817, 823 (5th Cir. 1996) (citing U.S. v. Calverley, 37 F.3d 160, 163 (5th Cir. 1994) (en banc)). Under this standard, we may exercise our discretion to correct a legal error that is clear or obvious and that affects substantial rights "if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1424 (5th Cir. 1996) (en banc) (citing U.S. v. Olano, 507 U.S. 725, 736 (1993)).

We find that this standard has not been met with regard to either argument. The Pucketts have cited no authority for the proposition that failing to apply § 6511(d)(2)(B)(iii)(I) to NOL carryovers constitutes a clear error of law. Furthermore, it is questionable whether preventing the Pucketts from applying this subsection to the 1989 NOL carryback would affect their substantial rights, given the time limitations established by § 6511(d)(2)(A). In any event, we are not persuaded that the

9

error, if any, is such that the integrity of the judicial process would be compromised by our failure to correct it.  We therefore find that the Pucketts have not shown plain error.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM.